GEO. M. PEMBERTON, Plaintiff in Error, *v.* HARRIET P. JOHN-SON, JAMES M. JOHNSON, AND THOMAS B. PEMBERTON, TRUS-TEE, Defendants in Error.

1. *Married woman — Conveyance to wife, not for separate use — Deed of trust given for — Bill in equity to subject property to debt.* — A married woman has no power to bind herself by a promissory note, except as to her sole and separate property. Yet, when she purchases real estate — even though the purchase deed does not create an estate for her sole and separate use, but an ordinary one, in which her husband had a marital interest — and gives her notes for the purchase money secured by mortgage upon the property purchased, the vendee can hold it in equity for such purchase money. And the lien created by the deed of trust can be enforced by an action analogous to a late proceeding in chancery to subject the property to the payment of the debt, although no personal judgment can be given upon the notes.

*Error to First District Court.*

*F. P. Wright,* for plaintiff in error, cited Boeka v. Nuella, 28 Mo. 180; 2 Kent's Com. 134; Buell v. Sherman, 28 Ind. 464; Glass v. Warwick, 40 Penn. St. 140; Ashby v. Winston, 26 Mo. 210; Chilter v. Braiden, 2 Black, 458.

*Hicks & Phillips,* for defendants in error.

I. The petition presents the case of a simple statutory pro-ceeding to foreclose a mortgage. As such it is an action at law, and no equitable relief can be had thereon. (R. C. 1855, §§ 1, 2, 18, chapter on Mortgages; 9 Mo. 283–4; 43 Mo. 502; 36 Mo. 384; Myers v. Field *et al.,* 37 Mo. 441; 8 Mo. 257; 37 Mo. 386–7.)

II. The notes were properly excluded. Having been executed alone by a *femme covert*, they were void at law. (Bauer v. Bauer, 40 Mo. 61.)

·Bliss, Judge, delivered the opinion of the court.

The plaintiff brought his action in the Pettis Circuit Court to foreclose a deed of trust given by defendants, Harriet P. Johnson and husband, to secure certain promissory notes made by said Harriet P. while a married woman. It appears that Mrs. Johnson purchased of the plaintiff the land embraced in the deed of trust; that it was conveyed to her by an ordinary deed, and that she gave him these notes for the purchase money. It does not appear that the conveyance to her purports to create an estate for her sole and separate use, in reference to which she can make contracts, but an ordinary estate, in which the husband has a marital interest.

The claim that a married woman, except in reference to her sole and separate property, has no power to bind herself by a promissory note, is doubtless correct. But it is equally true that where she purchases real estate, gives her notes for the purchase money, secured by mortgage upon the property purchased, the vendor can hold it in equity for such purchase money. To seek to keep the property and avoid payment is grossly dishonest, and the law is not so defective as not to furnish a remedy for such a fraud. (Glass v. Warwick, 40 Penn. St. 140.)

It does not matter whether the notes, as independent contracts, were good or not. They are evidences of the amount due for the land, and should be received as such; and the trust deed, given by husband and wife, shows that all parties intended to create a lien upon the property without knowing, perhaps, that the vendor's lien already existed. Such a lien can be enforced by an action analogous to a late proceeding in chancery to subject the property to the debt, although no personal judgment can be given upon the notes.

The plaintiff's evidence was ruled out in the lower courts principally upon the ground that the proceeding was not in equity, but instituted under the statute. There can be no doubt, upon

perusing the petition, that while drawing it, the idea that his claim was only an equitable one had not entered into the mind of the pleader. He joins other claims with these notes, seeks a personal judgment against the wife, and gives other indications that he is seeking to foreclose under the statute. But this court has always made and recognized a clear distinction between such a proceeding and one for equitable relief. (Meyers v. Field, 37 Mo. 434; Fithian v. Monks, 43 Mo. 502.)

Our only hesitation in the matter arises from the frame of the petition. It would not be right to reverse a judgment given for the right party, if, by rejecting irrelevant parts of the petition as surplusage, enough would be left to support the judgment. Had the present plaintiff obtained the judgment to which the facts entitled him, we might, perhaps, by rejecting parts of his petition, find enough left to sustain the equitable relief given him. In that case his judgment should stand. But having obtained none, and his equitable rights not being concluded by the nonsuit he suffered, it is better that he commence again and present his real case, unencumbered and without ambiguity.

The judgment, therefore, of the District Court is affirmed. The other judges concur.