TRUESDAIL v. McCORMICK *et al.*, *Appellants*.

Division One, December 22, 1894.

1. **Equity:** CLOUD ON TITLE: COLLATERAL ATTACK. A bill in equity to set aside a decree against a married woman, on the ground of her then coverture, is a collateral attack; but it may be maintained where the court had no power to render the decree, and the latter is a cloud on plaintiff's title.

2. ——: ——: JURISDICTION: CONSTITUTION. A suit to set aside a decree, which adjudged title to land, involves the title, so as to come within the constitutional reviewing jurisdiction of the supreme court.

3. ——: COVERTURE: FRAUD: JURISDICTION. Coverture is no defense in equity for fraud. A court of equity in Missouri has jurisdiction to divest title from a married woman when found to have been acquired by her in fraud of her husband's creditors.

4. **Married Woman:** CONVEYANCE IN FRAUD OF CREDITORS: DECREE: COLLATERAL ATTACK. A decree by a competent court, against a married woman, setting aside a conveyance of land to her, as made in fraud of her husband's creditors, can not be impeached collaterally because rendered upon an agreement of her attorney, where she was personally served in the suit, and was authorized by law to separately defend by attorney.

5. ——: ——: ——: ——. Where a court has power to render judgment against a married woman in a particular suit, because of its nature, it is immaterial, in a collateral attack, whether the facts to sustain the judgment were ascertained by the court upon her default, or by her admission, or by proof against her.

*Appeal from Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*Luther Collier* and *Harber & Knight* for appellants.

(1) The judgment entered January 5, 1881, in the proceedings of McCormick against this respondent and

her husband, they both having been properly served and being at the time thereof in court in person and by counsel and agreeing thereto, was valid and binding upon respondent, hence the court erred in holding the same void and rendering its judgment in this cause. Freeman on Judgments [2 Ed.], secs. 149, 150. (2) There was no sufficient allegation in the petition, nor any evidence whatever, to justify the setting aside of said judgment, or to warrant the entry of the judgment herein. Freeman on Judgments, *supra*.

*J. F. Harwood* and *Williams & Linney* for respondent.

(1) The judgment rendered against respondent on January 5, 1881, was void and was properly attacked in this proceeding. The trial court committed no error in entering judgment for respondent. *Coe v. Ritter*, 86 Mo. 277: *Higgins v. Peltzer*, 49 Mo. 152; *Bearden v. Miller*, 54 Mo. App. 199; 14 Am. and Eng. Encyclopedia of Law, p. 664, sec. 19, and p. 594; 12 Am. and Eng. Encyclopedia of Law, p. 149, note 3; 1 Black on Judgments, sec. 54; Freeman on Judgments [3 Ed.], sec. 545; *Dorrance v. Scott*, 3 Whart. 313; *Caldwell v. Walters*, 18 Pa. St. 79; 2 Story's Equity Jurisprudence [9 Ed.], sec. 1397; *Fox v. Tooke*, 34 Mo. 509; *Bank v. Banks*, 101 U. S. 240; *Gwin v. Smurr*, 101 Mo. 550; *Brunner's Appeal*, 47 Pa. St. 67; *Swayne v. Lyon*, 67 Pa. St. 439. (2) A married woman can dispose of her interest in real estate only in the way prescribed by statute. *Coe v. Ritter*, 86 Mo. 277; *Bearden v. Miller*, 54 Mo. App. 199; *Higgins v. Peltzer*, 49 Mo. 152; *Gwin v. Smurr*, 101 Mo. 550; *Craig v. Van Bebber*, 100 Mo. 584; *Kreiger v. Crocker*, 118 Mo. 531; R. S. 1889, sec. 2396.

BARCLAY, J.—This action was begun in October, 1891, since the enactment of section 1996, R. S. 1889.

The petition presents two distinct claims for the recovery of certain real property in Grundy county.

The first count seeks to set aside an old judgment under which the defendants claim title, and to revest the title in the present plaintiff.

The second count is a plain statement in ejectment for the same land.

The answer denies the charges of the petition; sets up the statute of limitations, and asserts that the judgment sought to be annulled, was based upon personal service on the then defendant (now the plaintiff.)

It is not necessary to go into the pleadings fully.

The case is, in its essential particulars, an agreed one.  It was tried by the court, and a peremptory declaration of law was given to the effect that the finding must be for plaintiff under the pleadings and evidence. Upon that, a judgment for plaintiff, for title and possession, followed; from which, defendants appealed in due course, after the usual motions and exceptions.

The substance of the controversy is this:

The common source of title is admitted to be Mr. Thomas A. Murphy.

The plaintiff, Mrs. Marion C. Truesdail, was a married woman at all times mentioned in this record, as well as when the present action was brought.  She asserts ownership of the land under an ordinary deed of general warranty, May 22, 1877, from Mr. Murphy and wife to the plaintiff, which deed was duly recorded, about that time.

The defendants claim title under a judgment of the circuit court of Grundy county, rendered June 5, 1881, in a cause begun in February, 1879.

The case at bar turns upon the question of the

validity of that judgment.   It will be well to give an outline of the proceedings on which the judgment is founded.

In that cause, plaintiff and her husband, Mr. Delos R. Truesdail, were parties defendant; each was served personally with, process of summons, and each appeared by counsel.   The petition against them consisted of a count in ejectment for a tract of land (including that now in suit), and a count in equity to set aside the deed above mentioned, to divest the title of Mrs. Truesdail and vest it in the plaintiffs in that suit.

That count recited (with full details, as to time and circumstance, which need not now be given) that plaintiffs were creditors of Mr. Truesdail, had duly recovered judgment against him, and bought his interest in the identical land, in 1879, under an execution upon that judgment.   It was then charged that Mr. Truesdail had purchased the land in question from Mr. Murphy, in 1877, when largely indebted to plaintiffs and others, paying the purchase price for the title, which was then conveyed by Mr. Murphy to Mrs. Truesdail.   The petition alleged that the latter gave no consideration for the legal title thus received by her, but that the purpose of the transaction was to hinder, delay, and defraud the creditors of her husband, especially the plaintiffs; and that Mr. Truesdail was wholly insolvent.

The petition prayed that the said deed, of May 22, 1877, from Mr. Murphy to Mrs. Truesdail be adjudged fraudulent and void, the title to the said land vested in plaintiffs, and for general relief.

The important parts of the judgment, afterwards rendered in that suit, are as follows: ·

"This cause coming on to be heard, this, the fifth day of January, 1881, and both plaintiff and defend-

ant, as well as their respective counsel being present, it is agreed by and between them that plaintiff have judgment for the recovery of lots 3 and 4 and the west half of lots 1 and 2 in block 5 in Wiggins and Murphy's addition to the town of Trenton in said Grundy county, Missouri, and that said petition be dismissed as to the remainder of said property described in plaintiffs' petition.

It is, therefore, ordered, adjudged and decreed by the court that the deed of the said Thomas A. Murphy, mentioned in plaintiffs' petition, to said Marion C. Truesdail, for block 5, in Wiggins and Murphy's addition to said town of Trenton, * * * be and the same is, as to all of lots 3 and 4, and the west half of lots 1 and 2 in said block 5 of Wiggins and Murphy's addition, set aside and for naught held, and the title to the said lots 3 and 4, and west half of lots 1 and 2 be and the same is hereby vested in the said Cyrus H. and Leander J. McCormick; and it is further ordered and adjudged by the court that plaintiffs have judgment against defendant Delos L. Truesdail for the possession of said premises, viz., all of lots 3 and 4, and the west half of lots 1 and 2 in said block 5 in said addition to said town of Trenton, and for ——— dollars damages, and that the monthly rents and profits thereof be assessed at ——— dollars, and that plaintiffs have execution for the recovery of said property as well as their damages and monthly rent profits, and for their costs, taxed at $———."

The land now in litigation is the same as that adjudged to the plaintiffs in the former suit, and vested in them by the terms of the decree above quoted.

The only ground upon which the present plaintiff, Mrs. Truesdail, seeks to have that judgment vacated is, that she was then a married woman. For that

reason, she asserts, the judgment is utterly void as to her.

Her petition in this case recounts the principal steps in the suit against her and her husband, as a basis for the prayer to have the judgment vacated. She also charges that she was not present in court and knew nothing of the judgment, and did not learn thereof until shortly before commencing this suit.

But the record of the former case shows that she was personally served with summons. So that the only ground of attack on the judgment now taken by her counsel is that the judgment must be treated as wholly void, because of her coverture.

The learned trial judge on the circuit so held, refused defendants' request for an instruction to the contrary, and rendered a judgment for plaintiff for title and possession; moreover, canceling the former judgment and the title held by defendants thereunder.

1. The petition in the case in hand contains no suggestion of any fraud upon plaintiff, or collusive action between her husband and the creditor, to deprive her of her property by the former judgment. The petition attacks that judgment as being void, solely on account of the disability under which she then labored.

It is plainly a collateral attack on the judgment and is governed by the principles applicable to such attacks. But if, as is claimed, the judgment is void, for want of power in the court to render it, there is no error in these later proceedings, annulling or canceling the judgment as a cloud, or apparent incumbrance, on the plaintiff's title to the land it purports to affect.

The original judgment is a muniment of title; and the present case seeks to get rid of it. So viewed, the litigation involves title to real estate, and comes within the constitutional jurisdiction of the supreme

court. Const., 1875, art. 6, sec. 12; *Nearen v. Bake-well* (1890), 40 Mo. App. 625, and 110 Mo. 645.

2. But is the first judgment void?

At the time the former suit was begun, with the view to set aside the conveyance to Mrs. Truesdail as a fraud on her husband's creditors, the positive law of Missouri declared that "in all actions * * * against husband and wife, * * * they, or either, may defend by attorney; and it shall not be necessary for the wife in any such case to sue with her husband by next friend, or to appear and defend by next friend." Laws, Mo., 1868, p. 87; R. S. 1879, sec. 3468.

The circuit court of Grundy county, that took cognizance of the cause, had power to hear and determine actions of the general class to which that in question belonged, namely, of proceedings to set aside fraudulent conveyances of land (within that county), commonly called creditors' bills. She was personally served with process; as was her husband, her codefendant.

But the plaintiff's counsel insist that the court had no right to render a judgment against her upon her mere agreement thereto. They claim that the judgment is wholly void as to her, because of that mode of reaching the facts to support it; as well as because (as they contend) any judgment against her is a nullity.

If the court had lawful authority to render judgment in the cause against her, by reason of the nature of the suit, it is wholly immaterial (upon a collateral attack) whether the facts to sustain the judgment were ascertained by the court upon default on her part, or by her admission of them expressly, or by proof of them against her will. If the court had judicial power to act in such a case, and she had (as the statute last quoted says) authority to appear separately by attorney, her agreement to a judgment, which the court

might properly have rendered over her objections (on proof of the facts alleged against her), can certainly not be held to have had the effect to deprive the court of any part of its jurisdiction in the premises.

Assuming such power and jurisdiction in the court, the fact that she confessed the charges of fraud which had been brought against her, would not render the judgment of the court void, when challenged collaterally. *Benjamin v. Bartlett* (1831), 3 Mo. 86; *Roraback v. Stebbins* (1866), 3 Keyes, 62.

The true question, then, is whether the court had lawful authority to pass upon her interests in the land in the first proceeding.

Even at common law a married woman could be conclusively bound by matter of record (*Shroyer v. Nickell* (1874), 55 Mo. 267; and that mode of binding her was anciently in general use, by the proceeding called "fine" (2 Bl. Com. *p. 355) the efficacy of which depended on the conclusiveness of action by the court upon her rights.

It will not be necessary to discuss at this time the proposition, how far judgments at law against married women in this state are valid, when collaterally questioned, or to review the decisions on that subject. We are of opinion that the present case is controlled by another rule.

The first judgment in question here partakes of an equitable, as well as a legal, nature. Read in connection with the pleadings in the cause, it is clear that it adjudges that the wife was not entitled to retain title to the land, because it had been received by her (in contemplation of a court of equity) in fraud of her husband's creditors. No money judgment was rendered against her. But her title was adjudged to belong, in equity, and, by the decree, it was vested in, the plaintiffs, as judgment creditors of her husband.

There was also a judgment against the husband for possession of the property; but not against the wife.

Such a judgment we consider plainly impregnable against collateral attack, which is all that the present case requires us to say as to its validity.

On this point we find the following expression of opinion, in one of the most careful and philosophic treatises that has yet been written on modern American jurisprudence:

"Coverture, however, is no excuse, in equity, for fraud; in other words, the fraud of a married woman will furnish an occasion for appropriate equitable relief, and the fact that the fraudulent party is a married woman will not prevent such relief." 2 Pomeroy's Equity Jurisprudence [2 Ed.], sec. 945. The author supports that statement of law with many adjudications. See, also, 1 Story's Equity Jurisprudence [13 Ed.], p. 392.

The principle thus declared has been fully recognized in this state in *Pemberton v. Johnson* [.1870], 46 Mo. 342, Judge BLISS remarking, "the law is not so defective as not to furnish a remedy for such a fraud." (p. 343.)

We conclude that the original judgment, as an adjudication of title in equity on the footing of her alleged fraud, as charged in the second count of the petition in that case, was obviously valid as to Mrs. Truesdail, as against the present effort to impeach it.

The learned trial judge, we think, was in error in holding the contrary.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.