KETCHUM *et al.* v. CHRISTMAN *et al., Appellants.*

### Division One, March 26, 1895.

1. **Partition**: HOMESTEAD: JUDGMENT: ESTOPPEL: MARRIED WOMAN.. An heir can not assert title to land under a deed from the widow, where such heir, though a married woman, was a party to a suit sub-..sequently instituted in partition in which the same land was allotted: in fee to the widow as a homestead.

2. ———: JUDGMENT.   A judgment in partition vests in each party to. whom an allotment is made the title of all the parties to the suit.

3. **Homestead**: DOWER: WIDOW: PARTITION.   Where a widow is entitled to both dower and homestead in land subject to partition and one interest only is assigned her in such suit, neither she nor· one claiming under her will be estopped in another suit to assert a. right to the other.

*Appeal from Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*John D. Smoot* for appellants.

(1)   The partition proceeding of Belle Allen did. not affect the deed of Mrs. West, as the land now in controversy was not partitioned in that proceeding, but. simply set off to the widow as homestead without being· partitioned; the ultimate rights of none of the parties. therein to that proceeding were finally adjudicated. *Case v. Mitzenburg,* 109 Mo. 311; *Thompson v. Reno,,* 12 Mo. 157; *Crenshaw v. Creek,* 52 Mo. 98.   And this. is applied to homestead right. *Gragg v. Gragg,* 65 Mo. 343.   (2)   No judgment was rendered affecting her in the partition proceedings, no allotment was made to. her, no findings as to her.   (3)   The deed from Mrs. Ketchum to Mrs. West being a warranty deed, all after

acquired title would pass to her by inurement. *King v. Gilson*, 83 American Decisions, 269; *Reese v. Smith*, 12 Mo. 344; *Root v. Crook*, 7 Pa. St. 380; *Jones v. King*, 25 Ill. 388.

*McKee & Jayne* for respondents.

(1) The court committed no error in not considering, in making up its decision, the deed offered in evidence by Mrs. West, from her mother, dated January 20, 1876—because the same appears upon its face to have been altered—and no explanation was given at the time for such alteration. 1 Greenleaf on Evidence [15 Ed.], p. 703, sec. 564. (2) The judgment rendered in partition suit of Belle Allen and Thomas J. Allen *v.* Mary E. Ketchum *et al.*, at the August term of the Scotland county circuit court, 1890—is conclusive upon all the parties to said suit. *Hart v. Steedman*, 98 Mo. 452. (3) Appellate courts rarely interfere in matters which rest in the sound discretion of the trial court, and especially where there is evidence to sustain the judgment. *Krider v. Milner*, 99 Mo. 145; *Faber v. Bruner*, 13 Mo. 541.

MACFARLANE, J.—This is a suit for the partition of the north half of the northwest quarter of section 2, and the north half of the northeast quarter of section 3, township 64, range 13 west, in Scotland county, and also some lots in the town of Downing, in Schuyler county, among the heirs of Mary E. Ketchum, deceased.

The petition charges that the said Mary E. Ketchum died seized of the land, leaving, as her only heirs at law, plaintiff Robert A. Ketchum, and defendants Sarah C. Christman, wife of I. H. Christman, Martha J. West, wife of Abram West, and Belle Allen, wife of Thomas J. Allen, each of whom was entitled to one

fifth, and Jesse W. Ketchum, who has since died, leaving a widow, Catherine and five minor children, who were represented by their guardian, and who were entitled to one fifth, subject to dower rights of the said Catherine. Plaintiffs stated further, on information and belief, that the said Abe West, had acquired the interest of the said Catherine Christman and her husband and Belle Allen and her husband.

Defendant Martha J. West answered separately. She set up in substance that one Sloan Ketchum died in 1871 seized of the land, with eighty acres additional, as a homestead; that the said Mary E. Ketchum was his widow; that he left also as sole heirs at law the children of the said Mary E., named in the petition. She charged that there were two hundred acres in the original tract, and believing, as the heirs did, that the widow was only entitled to dower therein, there would be forty acres for each of the five heirs; that the widow and heirs joined in conveying to Jesse W. Ketchum one tract of forty acres. That defendant afterward purchased of Robert all his interest, which was allotted to her by her mother; that since the death of her mother her husband, Abe West, had purchased the interest of her two sisters, Mrs. Christman and Mrs. Allen. She, therefore, claimed that she and her husband owned the entire interest of the land in suit.

To this defense plaintiffs pleaded a former judgment in partition between the same parties by which the rights of the parties in the land were determined and adjudicated and by which it was adjudged that the said Mary E. Ketchum, as the widow of Sloan Ketchum, took a fee in the land as a homestead.

On the trial a decree of the circuit court in partition rendered in 1890, to which the said defendant, West, as well as all other parties to this suit, were

parties, was read in evidence. By this decree one hundred and twenty acres of the land in question here was set apart to Mrs. Mary E. Ketchum in fee as her homestead.

Mrs. West, in support of her defense, read in evidence a deed of general warranty from Mrs. Mary E. Ketchum to the said one hundred and twenty acres of land, dated January 20, 1876. This deed was objected to for the reason that the decree read in evidence by plaintiff conclusively settled the rights of the parties, and for the further reason that the deed appeared on its face to have been materially altered and the original description of the land changed. The objection was overruled and the deed read in evidence.

Oral evidence was offered which tended to prove that prior to the death of her mother, Mrs. West made no claim to but forty acres, and that she never had possession of the said one hundred and twenty acres.

The court found that Mary E. Ketchum died seized of the land so claimed by Mrs. West, and consequently found against her claim.

The deed under which Mrs. West claimed, was dated in January, 1876, and was not recorded until 1891. The expressed consideration was one dollar. The decree in the former suit was rendered in August, 1890. To the former suit Mrs. West did not assert the interest here made. Indeed, Mrs. Ketchum, as the widow of Sloan Ketchum continued in the unquestioned possession and control of the land until her death, which did not occur until 1891, about fifteen years after the date of the deed under which Mrs. West now claims. The evidence shows very conclusively that Mrs. Ketchum claimed the entire one hundred and twenty acres in Scotland county, which is involved in this suit, and that Mrs. West made no claim thereto. It appeared vaguely from the evidence also that Mrs. West

did receive from her mother forty acres of the original homestead tract, of which she was not divested. But whether this was so or not, we think the court found correctly.

Mrs. West was made a party to the former partition suit which involved her rights to this land. In that suit the court was required to determine and adjudicate the rights and claims of all parties, and to determine adverse claims if made, and by the judgment the parties are concluded. *Hart v. Steedman*, 98 Mo. 456.

Mrs. West having failed to set up her adverse claim to this land, when opportunity was given her, is estopped by that judgment to do so in this subsequent suit between the same parties. "It was held at an early day that the judgment of partition establishes the title to the land which is the subject of partition, and, in an action of ejectment upon an adverse possession, or an adverse title existing at the date of the partition, is final and conclusive at law upon all the parties to the record." *Hart v. Steedman, supra; Forder v. Davis*, 38 Mo. 113.

The law, it is true, is settled in this state that a widow, having a right to both dower and homestead in lands which are the subject of a partition suit to which she is a party, will not be estopped afterward, in another suit, to claim one right because the other was assigned to her in the former suit. *Case v. Mitzenburg*, 109 Mo. 314, and cases cited. But the premises here in dispute were allotted to the widow in fee under the right to homestead and was a final adjudication of the rights of all parties to the suit in respect thereto. As was said in the case last cited, the "judgment vested in each party to whom an allotment was made the title of all the parties to the suit."

The premises here in dispute was set apart and

allotted to the widow in fee as her homestead, and if Mrs. West claimed to have acquired the rights of the widow thereto she should have asserted her rights in that suit, and, having failed to do so, then she is estopped by that judgment. If dower alone had been allotted to the widow, neither she, or Mrs. West claiming under her, would have been estopped, under the authorities relied upon, to claim the homestead in this proceeding. But the homestead right was in issue and determined in that case, and the judgment is, and should be, as conclusive in respect to the homestead right as a judgment in any other case in which the rights of the parties are put in issue and adjudicated. The judgment concluded Mrs. West, though at the time of its rendition she was a married woman. *Truesdail v. McCormick*, 126 Mo. 39. The judgment is affirmed. All concur.