AUSTIN C. WEARY, Respondent, v. HERMAN H.
WITTMER et al., Defendants; WILLIAM C.
RICHARDSON, Adm'r, etc., Appellants.

### St. Louis Court of Appeals, December 27, 1898.

1. **Foreclosure of Deed of Trust**: STATUTORY REMEDY: EQUITABLE
   FORECLOSURE. The statutory remedy is not exclusive. If the cir-
   cumstances justify and require it, resort may be had to an equitable
   action of foreclosure. In the case at bar the conflicting claims and
   contentions of the various parties in interest could only be fully and
   completely settled by a court of equity.

2. ———: PRAYER FOR PERSONAL JUDGMENT AGAINST MORTGAGOR. In
   an equitable action of foreclosure there can be no personal judgment
   against the mortgagor, and such a prayer in a petition of foreclosure
   would greatly influence the court in determining the character of the
   action.

3. ———: ———: SURPLUSAGE: JURY TRIAL. In the case at bar the
   matters pleaded are sufficient to overcome this prayer for a personal
   judgment against the mortgagor, and that portion of the prayer will
   be treated as surplusage, and the alleged right of appellant to a jury
   trial did not exist.

4. ———: PRACTICE, TRIAL. The circuit court did not err in striking
   out that portion of appellant's answer which set up a sale of the
   property under the deed of trust and a purchase of it by the appellant.
   This alleged sale was made after the institution of this suit and hence
   is not binding either on the plaintiff or Wittmer.

5. **Section 8918, Revised Statutes 1889 Construed**: WIT-
   NESSES. Upon the equitable construction of the above statute it has
   been decided that if a party for whom an agent acted is dead, and
   the agent is living, the other party to the contract may testify.

6. **Notes First to Mature are Entitled to Priority of Pay-
   ment.** The notes first to mature were presumptively entitled to
   priority of payment. To overthrow these presumptions the onus was
   on appellant to show that the notes were in fact paid, or that by
   reason of an agreement or of certain circumstances the plaintiff was
   estopped to assert priority of payment.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

AFFIRMED.

M. KINEALY and KINEALY & KINEALY for respond-
ent.

This is a suit in equity.   Wolf v. Ward, 104 Mo.
127; Thayer v. Campbell, 9 Mo. 280; Mosby v. Hodge,
76 N. C. 388; Welkins v. Gordon, 11 Leigh, 547; 26
Am. and Eng. Ency. of Law, 882.   The appellants
were not entitled to a trial by jury.   Stilwell v. Kellogg,
14 Wis. 461; 6 Am. and Eng. Ency. of Law [2 Ed.],
976, par. 1; State v. Churchill, 48 Ark. 436; Flint
River S. B. Co. v. Foster, 5 Ga. 194.   The court ruled
correctly in striking out the defense of Knox, based on
his sale *pendente lite*, under the deed of trust.  Stephen-
son v. Edwards, 98 Mo. 622; Jenkins v. Bank, 111 Ill.
462; 1 Story's Eq. Jur., sec. 405; Adam's Eq., 278,
note 2, p. 194; Story's Eq. Pl., sec. 156, notes.   The
court committed no error in permitting plaintiff to
testify to what took place in the office of Jeptha H.
Simpson.   He was a competent witness against Camp-
bell.   Miller v. Wilson, 126 Mo. 48; Green v. Green, 126
Mo. 26, 27.   And if any error was made it was harm-
less.   This court will not remand the cause in equity for
error in the admission of testimony.   Davis v. Kline,
96 Mo. 401; Kleiman v. Geisselmann, 45 Mo. App. 497;
114 Mo. 437; Barrett v. Davis, 104 Mo. 549.   Plaintiff,
as the holder of the notes first maturing, was entitled
to priority of payment out of the proceeds of the sale
on foreclosure; Hurck v. Erskine, 45 Mo. 484; Mitch-
ell v. Laden, 36 Mo. 526; Thompson v. Field, 38 Mo.
320.   Special circumstances changing the rule laid
down in those last cited decisions must be pleaded and

proved. Boone on Code Pldg., sec. 283, and cases cited in note 5; Herman on Estoppel and Res. Adj., 1442, sentence 5. Until the contrary be shown, plaintiff Weary is presumed from his possession of the notes indorsed by the payee, to have acquired them for value and before maturity. 4 Am. and Eng. Ency. of Law [2 Ed.], 318. The finding and decree are supported by the evidence. The judgment is not erroneous upon the record.

R. M. Nichols for appellant.

The proceeding was an action of law under the statute for the foreclosure of a mortgage, and the court erred in treating it as an equitable proceeding. Fithian v. Monks, 43 Mo. 503; Mason v. Barnard, 36 Mo. 384. Being a proceeding at law, the court erred in denying defendant Richardson's motion for a jury. There was no waiver of this right. R. S. 1889, sec. 2133; Briggs v Railway, 111 Mo. 175; Scott v. Russell, 39 Mo. 410. There was nothing contained in defendant's answers which would waive the right of trial by jury. Moline Plow Co. v. Hartman, 84 Mo. 610. The court erred in striking out new matter, plead as defense in third count of defendant's answer, because the pendency of a bill in chancery to foreclose will not invalidate the exercise of a power of sale contained in the deed of trust. Brisbane v. Staughton, 17 Ohio, 482; Van Vrankin v. Roberts, 29 Atl. Rep. 1044; In re Wilkinson, 41 L. J. C. H. 392; 13 L. R. E. Q. 634; Koch v. Briggs, 14 Cal. 256; Bank v. Mining Co., 8 Mont. 32; Jenkins v. Bank, 111 Ill. 462; Montgomery v. McEwen, 9 Minn. 103; Blackwell v. Barnette, 52 Tex. 331; Jones on Mort., sec. 1773; Pingrey on Mort., sec. 1332; Guilford v. Jacobie, 69 Hun. 420; Trustees, etc., v. Connolly, 31 N. E. Rep.

1058. Matters arising after the filing of a bill or answer can be incorporated in the amended answer. R. S. 1889, sec. 2063; Ward v. Davidson, 89 Mo. 455. The mere filing of the suit to foreclose did not abrogate or annul the power of sale; there was no injunction asked or restraining order given against its exercise; this power of sale was irrevocable; it carried the legal title; it is appendant to legal estate and took effect out of it; the execution of this power, in breach of the trust or not in conformity with its letter, carries the legal title. Richardson, administrator, acquired the legal title under the sale, and this was a perfect defense to the action, and should have been allowed. Schanewerk v. Hoberecht, 117 Mo. 22; Kennedy v. Siemers, 120 Mo. 73. The testimony of Campbell, the pledger, and Simpson, the pledgee, shows that they did not assent to a transfer of the notes to plaintiff, and a mere delivery of a note, without mutilation or cancellation, to a person who accompanies his act of payment with the impression that he is protecting his sister, ought not to be held an assent to the transfer or sale of the notes. Wolff v. Walter, 56 Mo. 293; Thompson v. Logan, 42 Mo. App. 146. "Equity does not admit a doctrine of equitable assignment in favor of every person who pays off a mortgage; such relation must exist towards the mortgaged premises or with the other parties, that the payment is not a purely voluntary act but is an equitable necessary or proper means of securing the interest of the one making it from possible loss or injury. Johnson v. Goldsby, 32 Mo. App. 560; Norton v. Highleyman, 88 Mo. 621.

BIGGS, J.—This is an action to foreclose a deed of trust. Herman H. Wittmer, the grantor, Henry M. Knox, the trustee, George W. Campbell, the original payee of the notes, and William C. Richardson, admin-

istrator of the estate of Jeptha H. Simpson, deceased, were made defendants. The deed of trust was executed on the twenty-third day of July, 1888, conveying a certain lot in trust to secure the payment of forty-six negotiable notes executed by Wittmer to Campbell, which notes were of the date of the deed of trust. There was one note for $580, due sixty days after date; thirty-five notes of $30 each, and payable respectively, one at each and every succeeding month; one principal note for $340, payable three years after date; one principal note for $330, payable four years after date, and six half yearly interest notes for $20 each, and payable respectively in six, twelve, eighteen, twenty-four, thirty and thirty-six months after date, and also two half yearly interest notes, each for the sum of $9, and payable respectively in forty-two and forty-eight months after date.

Plaintiff had in his possession and claimed to own the note for $580; three of the notes for $20 first maturing, and eighteen of the notes for $30 first maturing. These notes were indorsed in blank by Campbell. The remainder of the notes were assigned by Campbell to Jeptha H. Simpson, now deceased, to secure a loan of $1,800. Campbell failed during the lifetime of Simpson to pay his debt in full. Richardson the administrator of the estate of Simpson held the collateral notes to secure the balance of the indebtedness. Richardson denied that the plaintiff owned the notes claimed by him, and asserted that either the notes had been paid, or that under an agreement between plaintiff, Campbell and Simpson, the notes held by Simpson were to have priority in case of a sale or foreclosure of the deed of trust. Under these circumstances the plaintiff commenced the present action of foreclosure, in which he asked that the disputed ownership of the notes held by him should be determined; that his claim of preference

or priority in the payment of his notes over those held by Richardson be declared, and for a decree of foreclosure of the equity of redemption, and for a sale of the mortgaged property.

In addition to a general denial, the separate answers of Richardson and Knox set forth that after the institution of the suit Knox, at the request of Richardson, advertised and sold the property under the deed of trust to satisfy the notes held by Richardson; that the latter had purchased the property at the sale for the benefit of the estate of Simpson and that he had received from Knox a trustee's deed therefor. On motion of the plaintiff the foregoing matter was stricken out as presenting no defense to the action. Campbell denied that the plaintiff owned the notes claimed by him, but averred that they had been paid. Wittmer admitted the plaintiff's alleged ownership, and he also admitted that the notes held by him were entitled to priority of payment. When the case was called for trial Richardson demanded a jury. This request the circuit court refused, holding that the action was in equity. Upon the hearing the issues were found for plaintiff and decree entered in accordance with the petition. Richardson alone has appealed.

The appellant was not entitled to a jury trial. His argument that the action is one of foreclosure under the statute is not tenable. It has been held, and it is conceded, that the statutory remedy is not exclusive. If the circumstances justify and require it, resort may be had to an equitable action of foreclosure. Fithian v. Monks, 43 Mo. 502; McClurg v. Phillips, 49 Mo. 315; Pemberton v. Johnson, 46 Mo. 342. In the present action the conflicting claims and contentions of the various parties in interest could only be fully and completely settled by a court of equity. Campbell, Richardson and Knox, denied that plaintiff owned any

of the notes, or if he did, that he obtained them under such circumstances as to preclude him from asserting his *prima facie* right of preference in the disbursement of the proceeds of the sale. These matters of dispute were serious impediments to the fair execution of the trust, and their settlement required judicial action, and in our opinion the best place to settle them is in a court of equity, where all parties may be summoned and heard and their conflicting claims adjusted and determined in a single decree. These considerations are sufficient to warrant and uphold the jurisdiction of such a tribunal. The most serious objection to the petition as a bill of equitable foreclosure, is that it asks for a personal judgment against Wittmer, and for a general execution against him in case the amount realized from the foreclosure sale was not sufficient to pay plaintiff's debt. It was decided in Fithian v. Monks, *supra*, that there could be no personal judgment against the mortgagor in an equitable action of foreclosure, and that such a prayer in a petition of foreclosure would greatly influence the court in determining the character of the action. In the present case, however, the matters pleaded are sufficient to overcome this, and hence we are justified in treating that portion of the prayer as surplusage. We conclude that the action is one in equity, and hence the alleged right of appellant to a jury trial did not exist.

We are of the opinion that the circuit court did right in striking out that portion of appellant's answer which set up a sale of the property under the deed of trust and a purchase of it by the appellant. This alleged sale was made after the institution of this suit, and hence is not binding either on the plaintiff or Wittmer. The existence of the facts and circumstances stated by plaintiff precluded the trustee from executing the trust until the conflicting claims and contentions were

authoritatively settled. Stephenson v. Edwards, 98
Mo. loc. cit. 622; Rumsey v. Railway, 46 S. W. Rep.
147; Mosby v. Hodge, 76 N. C. 388; Wilkins v. Gor-
don, 11 Leigh, 547. Indeed, it would have been the
duty of the trustee, had the plaintiff not moved in the
matter, to have applied to a court of equity to deter-
mine the controversies, in order to ascertain before a
sale the true amount for which the property was liable
and the rights of the respective holders of the notes to
priority of payment. In no other way could he have
secured a fair sale of the property. Wilkins v. Gordon,
*supra.*

Wittmer paid the thirty dollar note first maturing.
He then left the state. His wife remained in possession
of the mortgaged premises. The plaintiff is a brother
of Mrs. Wittmer, and for this reason he became mixed
up in the business. After Wittmer left the plaintiff
paid Campbell several sums of money on account of
the note for $580. Campbell testified that the amounts
were paid by plaintiff and accepted by him as credits
on the note. The plaintiff testified that the money was
paid with the understanding that when he paid the
amount called for by the note and the accrued interest
Campbell would transfer the note to him. After the
plaintiff had paid several instalments, amounting to
$240, and after the maturity of the note, Campbell
assigned it, together with the other notes herein men-
tioned, to Simpson as collateral security for a debt of
$1,800. After plaintiff learned that the note had been
hypothecated he requested Campbell to go with him to
see Simpson concerning further payments by plaintiff.
Campbell testified that the conference was held and
that Simpson refused to accept money from plaintiff
on account of the notes except in payment thereof.
Against the objection of appellant the court allowed
the plaintiff in rebuttal to testify as to the conversation

between him, Simpson and Campbell.   The ground of
the objection was that Simpson was dead. Plaintiff testi-
fied that Simpson agreed that the notes, when delivered
by him to plaintiff, should be held as unpaid and valid
obligations.    This ruling of the court appellant assigns
as error.   After this conversation plaintiff  paid Simp-
son the amounts of the notes now claimed by him, and
Simpson delivered them to him with the blank indorse-
ments of Campbell thereon.   The question presented
by this assignment is not free of difficulty.   The stat-
ute declares that "in actions where one of the original
parties to the contract or cause of action in issue and
on trial is dead   *   *   *   the other party to such con-
tract or cause of action shall not be admitted to testify
in his own favor   *   *   *   and where an executor or
administrator is a party the other party shall not be
admitted to testify in his own favor, unless the con-
tract in issue was originally made with a person who is
living and competent to testify." R. S. 1889, sec. 8918.
The object of the statute is to put parties upon an
equality, which could not exist if the living party to a
contract was permitted to testify in his own favor as to
its terms.   But we do not think that the question here
is fairly within the prohibition of the statute.   Here
the contract was between the plaintiff on the one side
and Campbell and Simpson on the other.   The inter-
ests of Campbell and Simpson were, as against plain-
tiff, joint and mutual.   Campbell had a substantial
residuary interest in the notes for their amounts
exceeded his debt to Simpson.   Campbell testified as
to the conversation between the parties, and he was
undoubtedly a competent witness for that purpose.
The equity of the statute ought to allow the plaintiff to
oppose his oath to that of Campbell. Upon the equita-
ble construction of the statute it has been decided that
if a party for whom an agent acted is dead, and the

agent is living, the other party to the contract may testify. We, therefore, overrule the assignment.

The last assignment is that the decree of the court is against the weight of the evidence. The plaintiff produced the notes claimed by him. They were uncanceled and bore the blank indorsements of Campbell. This was *prima facie* proof of plaintiff's alleged ownership, and, as they were the notes first to mature, they were presumptively entitled to priority of payment. Hurch v. Erskine, 45 Mo. 484; Mitchell v. Laden, 36 Mo. 526; Thompson v. Field, 38 Mo. 320. To overthrow these presumptions the *onus* was on appellant to show that the notes were in fact paid, or that, by reason of an agreement or of certain circumstances, the plaintiff was estopped to assert priority of payment. On the issue as to the ownership of the notes there was considerable evidence on both sides. It presents a radical conflict. It would serve no good purpose to treat of it in detail. The trial judge had a better opportunity than we to weigh the evidence and to judge of the credibility of the witnesses, and for these reasons we do not feel justified in disturbing his judgment.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.