JOHN ELLIS, ADM'R OF THE PARTNERSHIP EFFECTS OF LAMME *et al.*, Appellant, *v.* JOSIAH W. LAMME, Respondent.

1. *Pleadings — Exceptions.* —Where a plea in abatement, and demurrer, were both overruled, and defendant was permitted to file his answer, and the cause proceeded to trial on the merits, without objection or exception, questions concerning the pleadings ruled upon by the court were afterward wholly irrelevant.

2. *Deeds of Trust — Notes — Priority of Payment — Special Contract.*—The principle of law that, where a deed of trust secures several notes maturing at different dates, the notes shall be paid and satisfied in the order of priority in which they mature, can have no application to a case where the parties have specially agreed that payments shall be made transversely, and that the note last falling due shall have the priority of lien. And it does not alter the case that, by a provision of the deed, the grantor was expressly authorized to pay off the note first maturing at any time. This provision does not empower him to use the property encumbered by the trust for that purpose, without the consent or approbation of the securities upon the last maturing note.

*Appeal from Fourth District Court.*

*Prewitt & Sheley*, for appellant.

*Reed*, and *Rollins*, for respondent.

I. Under the deed of trust offered in evidence, the defendant had a first lien on all the goods, merchandise, and effects therein conveyed, for the repayment to him of any sum he might be required to pay upon the note on which he was security; and the proceeds of said trust property, no matter when or by whom the same were realized, collected, or received, should have been applied: 1st, to the payment of the expenses of the trust; 2d, to the payment of the note on which defendant was security; and neither the plaintiff nor the said W. W. Lamme had the legal right to apply any part of the avails arising from said trust property, on the individual note of said W. W. Lamme, until the secured note was first paid off and discharged.

WAGNER, Judge, delivered the opinion of the court.

The question raised and argued by counsel in regard to the pleading is irrelevant and wholly beside any issue in the case; for after the decision of the Circuit Court, with respect to the demurrer and the plea in abatement, the defendant was permitted to file his answer, and the cause proceeded to trial on the merits, without objection or exception.

There was no substitution or novation of parties within the meaning of the rule raising an assumpsit in such cases. (Manny v. Frasier, 27 Mo. 419; Edgell v. Tucker, 40 Mo. 523.) But this question is immaterial and unimportant; as the whole matter, as presented by the record, essentially depends upon the construction to be given to the deed of trust. The deed of trust was given to secure the payment of two promissory notes made and executed by W. W. Lamme to plaintiff for $6,500 each. The first was made by Lamme alone, and due twelve months after date; the other was executed by Lamme, with defendant and Rollins as securities, and due and payable two years after date. By agreement of parties, and by the express terms of the deed, the proceeds of the

property were to be appropriated: 1st, to the payment of the costs and expenses of executing the trust; 2d, to the payment of the note specified on which defendant and Rollins were securities; and 3d, to the payment of the note due to the plaintiff and executed by Lamme alone.

The principle of law laid down in Mitchell v. Ladew, 36 Mo. 526, that where there is a deed of trust securing several notes maturing at different dates, the notes shall be paid and satisfied in the order of priority in which they mature, can have no application here. Such would be the principle of law where the parties had made no special agreement; but in the present case the parties have contracted that the payments shall be made transversely, and that the note last falling due shall have the priority of lien. From a careful reading of the whole instrument, there can be no difference of opinion as to the real intention of the parties. It is evident that the first and primary object was to make safe and fully indemnify the securities in the second note.

All parties were fully apprised of this fact; the plaintiff was one of the parties entering into the agreement, and he is in no position to either dispute its legal effect or to attempt to change the rights of the sureties. But it is urged for the plaintiff that, by a provision of the deed of trust, Lamme, the grantor, was expressly authorized to pay off the note to the plaintiff at any time.

This is true. But was he empowered to use the property encumbered by the trust for that purpose, without the consent or approbation of the securities? Most assuredly not. Such a construction can only meet favor by violently taking one single sentence and isolating it from the whole context; but when it is construed with the other parts of the deed of trust, the interpretation attempted to be placed upon it is entirely inadmissible. The deed provides that Lamme, the grantor, shall be fully authorized to pay off and discharge, at any time he may see fit, the note to Ellis, the plaintiff, and that Ellis shall allow him a credit for any payment he may make, with interest at the rate of ten per cent. But this provision is nothing more than an agreement between the parties—the grantor and the plaintiff—that the note may be paid before maturity, and in consideration of such pay-

ment the plaintiff will allow ten per cent. on all amounts so paid. There is no agreement that the advanced payments shall be made out of the trust fund, or goods which are covered by the lien. Indeed, the tenor of the whole instrument discountenances this idea. There is nothing to show that anything was intended to be appropriated for this purpose, other than what the grantor might raise by his own individual means, independent of the property included in the deed of trust. This view fully disposes of the whole case ; as the record shows that the property attached, and which has been sold by order of court, is insufficient to pay off the note on which defendant and Rollins are sureties, and on which they had the prior lien.

My conclusion, therefore, is that the Circuit Court misconstrued the meaning of the deed of trust, and that its judgment was rightfully reversed in the District Court.

The judgment of the District Court is affirmed, and the cause remanded to the Circuit Court, to be proceeded with in conformity to this opinion. The other judges concur.