PATTON v. EBERHART ET AL.

1. **Mortgage:** PRIOR LIENS: MORTGAGEE IS PURCHASER. A mortgagee of real estate is a purchaser, within the meaning of the recording laws, and his mortgage, when taken in good faith, is subject only to such prior liens as were of record at the time of its execution.

*Appeal from Jasper District Court.*

TUESDAY, OCTOBER 21.

ACTION to foreclose a mortgage on real estate executed on the 28th day of February, 1877, and recorded on the succeeding day. John H. Moyer was made a defendant, and he filed a cross-petition stating that in August, 1875, the said Eberhart executed a mortgage to D. Ryan, on the same premises described in plaintiff's mortgage, to secure three promissory notes executed by said Eberhart, and also to secure a certain note executed by said Eberhart, and said Moyer as his surety; that said mortgage was duly recorded in August, 1875, and was afterward foreclosed as to the first mentioned notes, and premises sold under the decree of foreclosure; that said Eberhart redeemed the same on the same day plaintiff's mortgage was executed; that judgment was obtained on the note signed by said Moyer as surety, and that he paid thereon, prior to the execution of plaintiff's mortgage, $290.

The relief asked in the cross-petition was that said Moyer be subrogated to all the rights of the mortgagee, Ryan, and said mortgage foreclosed, and that his lien by virtue thereof be declared superior to that of the plaintiff.

There was a demurrer to the cross-petition which was sustained, and the defendant Moyer appeals.

*Ryan Brothers,* for appellant.

*H. S. Winslow* and *H. K. Stahl,* for appellee.

SEEVERS, J.—The ground of demurrer in substance was that the cross-petition on its face showed that Moyer was not entitled to the relief asked. That a "mortgagee of real estate

is a purchaser, within the meaning of the recording laws of this State," was held in *Porter et al. v. Green*, 4 Iowa, 571; *Seevers v. Delashmutt*, 11 Id., 174; *Hewitt v. Rankin*, 41 Id., 35.

There was nothing on the face of the mortgage under which Moyer claims, or of record anywhere, to indicate that he was surety on the note signed by him, and which it was given to secure. The plaintiff, therefore, at the time his mortgage was executed did not have constructive notice of such fact.

The payments were made by Moyer prior to the execution of the plaintiff's mortgage, and as between him and the plaintiff such payments amounted to a satisfaction of the mortgage because the latter had no notice they were made as surety. That Moyer, as between himself and Eberhart, had the equitable right to be subrogated to all the rights of the mortgagee Ryan will be conceded. But as the plaintiff was not chargeable with notice of such equity, his rights are paramount and superior to those of Moyer, for under the recording law he is a purchaser without notice.

AFFIRMED.