JAMES T. MAXWELL, Respondent, v. ELIZABETH QUIMBY et al., Appellants.

Kansas City Court of Appeals, December 2, 1901.

1. **Judgments: COLLATERAL ATTACK: COSTS: DEFENSE.** In an action to recover costs awarded by a certain judgment, it is no defense that the plaintiff in consideration of the entry of the judgment agreed to waive the costs sued for since this is a collateral attack upon the judgment.

2. **Justices' Courts: STATEMENT: AMENDMENT.** A statement set out in the opinion sufficiently notifies the defendants that plaintiffs seek to recover costs at the August term, 1899, of circuit court, and is capable of amendment.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*J. W. Stokes* and *H. S. Kelley* for appellants.

(1)   The court erred in overruling defendants' motion to dismiss the suit on account of the insufficiency of the statement filed before the justice.   This statement did not state in what case, nor on what account or in whose favor the cost and judgment had been given, nor that the judgment had been duly made and given.   It did not fairly warn the defendants of the nature and extent of plaintiff's demand and was not sufficiently specific to serve as a basis for a plea of former adjudication. McCrary v. Good, 74 Mo. App. 425; Terti v. Ins. Co., 76 Mo. App. 42; Doggett v. Blanke, 70 Mo. App. 499; Turner v. McCook, 77 Mo. App. 196; Nutter v. Houston, 32 Mo. App. 451; Leas v. Express Co., 45 Mo. App. 598. (2) In an action upon a judgment, payment, satisfaction or release of the judgment sued on may be shown as a defense. In the case at bar, it having originated before a justice of the peace, no formal or affirmative pleading was necessary to enable the defendant to make the proof offered.   It amounted in effect to payment, satisfaction or release and avoidance of plaintiff's demand and was admissible under the general denial, which is always in without pleading it, in cases before justices of the peace.   Sherman v. Rockwood, 26 Mo. App. 403.

*H. B. Williams* for respondent.

(1)   The court was correct in overruling defendant's motion to dismiss the suit, on account of the insufficiency of the statement filed before the justice.   The statement showed what cause of action was intended to be stated.   Butts v. Phelps, 79 Mo. 302; Heman v. Fanning, 33 Mo. App. 50; Evans v. Railroad, 67 Mo. App. 257; Nutter v. Houston, 42 Mo. App. 363; Huffer v. Riley, 47 Mo. App. 479; Bradley

v. Swieger & Haddock, 61 Mo. App. 419; R. S. 1889, sec. 6347, and authorities cited in note thereto; Lustig v. Cohen, 44 Mo. App. 271; Sturdy v. St. Charles Land & Cattle Co., 33 Mo. App. 44; Iba v. Railroad, 45 Mo. 469; Fleishmann v. Miller, 38 Mo. App. 177; Minter v. Railroad, 82 Mo. 128; R. S. 1889, sec. 6138; Finley v. Dyer, 79 Mo. App. 604; Early v. Fleming, 16 Mo. 154; Strathmann v. Gorla, 14 Mo. App. 6; Byrne v. Railroad, 75 Mo. App. 36; Cameron Sun v. McAnaw, 72 Mo. App. 196; May et al. v. Kloss, 44 Mo. 300; Newberger v. Friede, 23 Mo. App. 634; Busch v. Diepenbrock, 20 Mo. 568; Davis and Co. v. Boswell & Strawn, 77 Mo. App. 294; Ward v. Farrelly, 9 Mo. App. 370; Marmon v. Waller, 53 Mo. App. 613; Sheehan & Loler Transportation Co. v. Sims, 28 Mo. App. 64; Monks v. Strange, 25 Mo. App. 12; 2 Chitty Plead., 176; Iba v. Railroad, 45 Mo. 471; Burt v. Warne, 31 Mo. 296; Coughlin v. Lyons, 24 Mo. 533; Forbes v. Shellabarger, 50 Mo. 558; Polhans v. Railroad, 45 Mo. App. 153; affirmed, 115 Mo. 535; Armstrong v. Keleher, 71 Mo. 492; Butts v. Phelps, 79 Mo. 302; City of Kansas v. Johnson, 78 Mo. 661; Von Phul v. Menne, 16 Mo. App. 561; Gibbs v. Railroad, 11 Mo. App. 459; Lin v. Railroad, 10 Mo. App. 125; McDonough v. Daly, 6 Mo. App. 598; Morris v. Buckley, 9 Mo. App. 577; see Minter v. Railroad, 82 Mo. 128, and authorities there cited; Pearson v. Inlow, 20 Mo. 322; Burt v. Warne, 31 Mo. 296, l. c. 300; Norton v. Railroad, 48 Mo. 387; Dahlgren v. Yocum Bros., 44 Mo. App. 277; Bauer v. Barnett, 46 Mo. App. 654; Haynes v. Railroad, 54 Mo. App. 582; Force v. Squier, 133 Mo. 306; Weese v. Brown, 28 Mo. App. 521; reversed 102 Mo. 299; Cranor v. School District, 151 Mo. 119; Hartford v. Boyes, 56 Mo. App. 139; Hallock v. Brier, 80 Mo. App. 331; Jones v. Philadelphia Underwriters, 78 Mo. App. 296; Marshall v. Ferguson, 78 Mo. App. 645; Kansas City v. Am. Surety Co., 71 Mo. App. 315. (2) The

court was correct in refusing to allow defendants to introduce parol evidence at the trial, for the purpose of contradicting the record of judgment. Bignall & Keeler v. Mfg. Co., 59 Mo. App. 673; Aurora Water Co. v. City of Aurora, 129 Mo. 540; Lovitt v. Russell, 138 Mo. 474, and authorities cited; Gilman v. Hovey & Buchanan, 26 Mo. 280.

ELLISON, J.—This is an action begun before a justice of the peace to recover costs paid by plaintiff for defendant on a certain judgment in the Holt Circuit Court. On appeal to the circuit court judgment was for plaintiff and defendant has brought the case here.

It seems that there was an action of forcible entry and detainer begun by plaintiff against defendant before a justice of the peace and appealed to the circuit court. In the latter court, the parties appeared in person and by attorneys, and by agreement the following judgment was entered of record:

"Now at this time come the parties herein, in person and by their respective attorneys, and by agreement judgment is rendered for the plaintiff for possession of the property sued for and described in said plaintiff's petition in this case; also by agreement of the parties herein and by stipulation herein filed, execution is stayed for twenty days after this term of this court. It is therefore ordered, adjudged and decreed by the court that the plaintiff have and recover of and from the defendants possession of the following described land, to-wit: .... now occupied by the defendants, and also his costs in this cause expended, and that execution be stayed for twenty days after this term, thereafter writ of execution issue to enforce this judgment."

Defendant did not pay the costs as provided in said judgment and plaintiff having paid them, brought the present action against defendant. In order to defeat plaintiff's claim

defendant made the following offer of proof which discloses the line of his defense, viz.:

"That the plaintiff in this suit agreed with the defendants at the August term of the circuit court, 1899, when there was a suit pending between these parties, wherein the present plaintiff was the plaintiff against the present defendants, that, if the defendants would permit him to take judgment for the possession of the lands sued for in his statement, that he, plaintiff, would pay to defendants $25 in money; pay $15 fee for defendants' attorney, and that he would pay then and there the costs that he himself had made. The costs sued for in this case."

The offer was rejected by the court as being a contradiction of and a collateral attack on the judgment. If the proof offered by defendant is legitimate and proper in legal procedure, then all judgments would be subject to attack by oral evidence, and thus the sanctity and verity of the record of the courts be destroyed. We regard the action of the trial court as being fully sustained by the law. Lovett v. Russell, 138 Mo. 474. It is true that judgments may be attacked, but not in this collateral way. If the judgment entered was not the judgment agreed upon, and was entered as it is by fraud or mistake, the remedy would be a direct proceeding against it.

Objection was made to the sufficiency of plaintiff's statement and to the propriety of permitting an amendment in the circuit court. The point against the amendment being, that the original statement before the justice was not foundation sufficient to support the amendment. The original statement is as follows:

"Corning, Mo., 10, 9, 1899.

"Elizabeth and Leroy Quimby: In account with Thomas Maxwell; to cost and judgment in Holt Circuit Court, August 1899, term, $100."

The amended statement in the circuit court is as follows:

"Elizabeth Quimby and Leroy Quimby, in account with James T. Maxwell, To costs and judgment in the circuit court, Holt county, Missouri, at the regular August term thereof, 1899 (in the case of James T. Maxwell against Leroy Quimby and Elizabeth Quimby), $100."

We are satisfied with the ruling of the trial court on these objections. The question as to the sufficiency of a statement of a cause of action before a justice of the peace and of amendment in the circuit court has been so often before the appellate courts of the State that we will not attempt to review them in this opinion, as they will be found collected by respective counsel. It is sufficient to say that while formal pleading is not required there must be something stated or alleged in the statement or account which will in some manner inform the defendant of what complaint is made against him, or with what he is charged. If this is not done, the statement is not only insufficient but it will not afford a basis for amendment in the circuit court. Brashears v. Strock, 46 Mo. 221. In this case, the original statement advises defendant that he is sued for costs in the circuit court of Holt county on a judgment at the August, 1899, term thereof. The matter is awkwardly expressed but certainly it notified defendant of the complaint made and of its nature. The amended statement simply gives the names of the parties to the judgment mentioned in the original statement.

Whatever may be the true merit of this controversy, we are satisfied that on the case made no other judgment could have been rendered; and it will accordingly be affirmed. All concur.