JULIA ALLEN, Appellant, v. LAURA GOODRICH et al., Respondents.

**Kansas City Court of Appeals, March 6, 1905.**

1. **JUSTICES' COURTS: Statement: Amendment: Account.** No formal pleadings are required before a justice of the peace, but an account must be itemized, and an action shall not be discontinued for want of a statement or any defect therein if a sufficient account or statement is filed before the jury is sworn; and an amendment of the statement in furtherance of justice may be made on motion of either party.

2. ———: ———: ———: ———: **Name of Plaintiff.** An account made the defendant's debtor to H, Mgr. for A, owner, etc., *Held*, plaintiff could amend by striking out the name of H and substituting that of plaintiff.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

Reversed and remanded.

*E. C. White* and *Barnett & Barnett* for appellant.

(1) The statement was an itemized account. No formal pleadings are required before a justice of the peace. All that is required is that the plaintiff should

file a statement of the account. R. S. 1899, sec. 3852; Doggett v. Blanke, 70 Mo. App. 499; Wilkinson v. Ins. Co., 54 Mo. App. 661. (2) The party with whom the contract is made is a proper party plaintiff, although the contract was made for the benefit of a third party. The party with whom the contract is made is the real party in interest. Walhormfechtel v. Dobyns, 32 Mo. 310; Eli v. Porter, 58 Mo. 158; Smith v. Monks, 55 Mo. 106; Bryant v. Derke, 9 Mo. 169; Durfee v. Morris, 49 Mo. 55; Taylor v. Steamboat, 20 Mo. 254. The real party in interest does not mean the party who has the beneficial interest, but he who has the legal interest is the proper party to sue. Gardner v. Armstrong, 31 Mo. 535; Linn v. Holland, 12 Mo. 127; Durfee v. Morris, 49 Mo. 55. (3) But if it is true that we are to resort to the justice's docket to ascertain who the party plaintiff is, and if from that it appears that Julia Allen is the real party, then all the papers, the account itself taken in connection with the statement filed, discloses her interest in the suit and the court erred in refusing to permit the plaintiff to amend the account to conform to the docket entry and to conform to the facts as disclosed upon the face of the account itself. Supply Co. v. Dryfus, 104 Mo. App. 437; Maxwell v. Quimby, 90 Mo. App. 469; Bank v. Noel, 94 Mo. App. 498; Parry v. Woodson, 33 Mo. 347; Drug Co. v. White, 86 Mo. App. 540; Guenther Bros. v. Aylor, 92 Mo. App. 161.

*W. D. Steele* for respondents.

(1) Our statutes provides that every action shall be prosecuted in the name of the real party in interest. R. S. 1899, sec. 540. (2) While our statute is liberal as to amendments, the law certainly does not permit a plaintiff, who appeals his case from a justice court, to change his entire cause of action by amendment in the circuit court, and strike out the name of one plaintiff and substitute an entirely different plaintiff. It is only

a statement of the plaintiff's cause of action which may be amended upon appeal in the circuit court. It is not any other person's cause of action; and further, the amendment authorized is only "to supply any deficiency or omission therein" that is in the original statement. There is not one word about adding new parties and bringing them in by amendment. Theiman v. Goodnight, 17 Mo. App. 434; Altheimer v. Teuscher, 47 Mo. App. 284. (3) There can be no substitution of one cause of action for another by amendment even in an action originating in the circuit court, much less in actions appealed to the circuit court from justices of the peace, touching which, the statute expressly provides: That the same cause of action that was tried before the justice, and no other, shall be tried before the appellate court upon an appeal. Clement v. Greenwell, 40 Mo. App. 595; Johnson v. Bank, 102 Mo. App. 399; Slaughter v. Davenport, 151 Mo. 26, 82 Mo. App. 654.

BROADDUS, P. J.—We adopt the following statement of the case made by respondents which, with a single exception, contains every fact necessary for our consideration:

"This suit was brought by Julia Allen, the plaintiff, in a justice of the peace's court where there was a trial and judgment for defendants, and the case appealed by the plaintiff to the circuit court. There was no statement or other pleading filed in the justice court except the itemized account. The account is made out on a printed letterhead, which reads: 'Sedalia Elevator, W. M. Harbaugh, Manager,' together with some other advertisement of the business and covers about eighteen pages. Printed at the head of each page is 'Sedalia Elevator, W. M. Harbaugh, Manager.' At the top of the account is written, 'Laura and Gertrude Goodrich, to W. M. Harbaugh, Mgr. for Julia Allen, owner of Sedalia Elevator.' Then follows the itemized account on the first page. On each of the pages the ac-

count begins, 'Laura and Gertrude Goodrich, to W. M. Harbaugh, Dr.' The plaintiff, Julia Allen, not being mentioned.

"When the case was called for trial in the circuit court, Mr. G. W. Barnett, one of the attorneys for appellant, made an opening statement to the jury, which statement begins on page two of the bill of exceptions, and in his statement said: 'This is a suit by Julia Allen, doing business under the firm name of Sedalia Elevator Co., v. Laura Goodrich and Gertrude Goodrich.' It seems that Mr. Harbaugh was manager for Mrs. Allen in conducting this business, the Sedalia Elevator Co. Mrs. Allen was the owner.

"After counsel had made his opening statement to the jury W. M. Harbaugh was placed upon the witness stand and testified in part, as follows: Q. 'Explain to the jury who was the owner of that elevator and your relations to it?' A. 'Well, for a time I was the proprietor and later on it was sold to Mrs. Julia A. Allen.' Q. 'About when do you think you sold to Mrs. Julia Allen?' A. 'I could not tell from my books. Possibly I could tell exactly from that account.' Q. 'If you can, you can refresh your memory? (Handing witness papers in the case.)' A. 'My remembrance is that it was November 4, 1898.' Q. 'That you sold it to her?' A. 'Yes, that is my remembrance.' Q. 'November 4, 1898?' A. 'Yes, sir.' Q. 'After you sold to her, then what was your relations to it, after that?' A. 'I was manager.' Q. 'Then during this entire time you were there in control?' A. 'Yes, sir.' Q. 'Doing business?' A. 'Yes, sir.' Q. 'During that time you were in there either as owner or agent, managing it for Mrs. Allen, under what name was this business run?' A. 'Sedalia Elevator Company.' Q. 'It wasn't a corporation or anything of that kind?' A. 'No, sir.' Q. 'It was just a name adopted to indicate the business?' A. 'Yes, sir.' Q. 'You first owned it and then Mrs. Allen?' A. 'Yes, sir.' Q. 'During

that time did you sell any goods to the firm of Laura and Gertrude Goodrich?' A. 'Yes, sir.' Q. 'Have you examined these accounts.' (By Mr. Steele.) 'I desire to object to any evidence on this account. It is made out Laura and Gertrude Goodrich to W. M. Harbaugh and then it says: "Mgr." which may be construed to mean manager, and then somebody has written in there "For Julia Allen," and on the next page it says, "Laura and Gertrude Goodrich to W. M. Harbaugh," and on the next page, "Laura and Gertrude Goodrich to W. M. Harbaugh, Dr." Then on the next page it is the same way and the same on each page. It is Laura and Gertrude Goodrich to W. M. Harbaugh. That is the account as made out here. There is nothing here indicating that Mrs. Allen is claiming anything of these defendants, but Laura and Gertrude Goodrich, Dr., to W. M. Harbaugh. I object to it on that ground, and I think they have no right to introduce any evidence on that account.' "

The additional fact appears that at the beginning of each page of the account a balance was entered from the preceding page. Objection was made by defendants to the admission of any testimony because of the insufficiency of plaintiff's statement, whereupon plaintiff offered to amend by striking out the name of Harbaugh and inserting that of Julia Allen; which offer the court refused. Plaintiff then offered evidence to sustain her case. To this defendants interposed objections which were sustained by the court, and she took a nonsuit and appealed.

Section 3852, Revised Statutes 1899, regulating practice in a justice's court, does not require formal pleadings, but it requires before any process shall be issued in any suit, "the plaintiff shall file with the justice the instrument sued on, or a statement of the account or of the facts constituting the cause of action

upon which the suit is founded," etc. Section 3583, provides, among other matters: "If the suit is founded on an account, a bill of items of the account shall be filed." That section further provides: "But no such suit shall be dismissed or discontinued for want of any such statement of cause of action or any .defect or insufficiency thereof if the plaintiff shall file the instrument or account or a sufficient statement before the jury is sworn, or the trial commences, or when required by the .justice."

It seems to us that plaintiff's motion to strike from the account the name of W. M. Harbaugh should have been sustained. Section 3957, idem, provides: "Any justice may, in open court, in furtherance of justice and on such terms as may be proper, amend, on motion of either party, any statement," etc.

The motion of plaintiff was not to substitute the name of Julia Allen for that of W. M. Harbaugh as plaintiff, but to strike from the account the name of said Harbaugh and substitute that of plaintiff. The defendants were notified by the statement that plaintiff was the owner of the account although it stated· that defendants were indebted to Harbaugh. This was a defect in the statement—nothing more. And there is ample authority in the latter section of the statute for the amendment of such statements. The offer made was not to amend Harbaugh's cause of action, as contended by respondents, but that of plaintiff. And it was not a substitution of one cause of action for another. The statement was sufficient to notify defendants that they were sued for the items mentioned in the account. [Maxwell v. Quimby, 90 Mo. App. 469.] In First State Bank v. Noel, 94 Mo. App. 498, it is held that, "the filing of a note alone, in a justice's court, is sufficient, and no statement is necessary showing how plaintiff holds the note." That case followed Collins v. Burrus, 66 Mo. App. 70.

The amendment should have been allowed and plaintiff permitted to introduce her evidence to prove her account.

Reversed and remanded. All concur.