JOHN D. STEWART v. OMAHA LOAN & TRUST COMPANY et al., Appellants.

Division Two, June 25, 1920.

1. **QUIETING TITLE: Pleading: Issues: Waiver.** In a suit to ascertain and determine title, the relief is to be measured by the pleadings in each particular case, and the defense should be limited to the issues set up in the answer; but if the case is tried without the objection that the pleadings do not raise a certain issue, the objection when raised for the first time in the appellate court will not be entertained, but will be considered waived, unless it amounts to a denial of the court's jurisdiction or that sufficient facts to constitute a cause of action have not been stated. [Disapproving the announcement in Noble v. Gates, 230 Mo. l. c. 202 "that defendants in an action based upon this statute may, under a general denial, show as a defense any title, legal or equitable, vested in themselves."]

2. **DEEDS OF TRUST: Priority.** In the absence of prior equities or express contrary conditions, of two deeds of trust upon the same land executed and recorded at the same time, the one securing the note first maturing takes priority; and if the one securing the earlier-maturing note is foreclosed, the purchaser takes the title.

3. ———: ———: **Notice of Agreement Between Maker and Payee** Absent actual notice, the title of the purchaser at a foreclosure sale of a deed of trust is not affected by secret equities or agreements between third parties. Where two deeds of trust on the same land, to secure different notes maturing on different dates, were executed and recorded at the same time, the title acquired by the purchaser at a foreclosure sale under the one securing the note first maturing is not affected by any secret agreement between the maker and the payee that the other deed of trust was to be a prior lien, nor by a representation to the assignee by the payee upon an assignment of the later-maturing note that it was secured by a first mortgage, unless said purchaser had prior actual knowledge of such agreement or representation. The purchaser, without actual knowledge, is bound by only such notice as the recorded instruments or other records give him.

4. ———: ———: **Warranties in Deed: Exception: Estoppel.** Two deeds of trust on the same land, securing notes maturing on

different dates, payable to the same payee, were executed and recorded at the same time. The one securing the notes first maturing was foreclosed, and the purchaser, in his deed to another, warranted the title against all claims except the other deed of trust. *Held*, that this exception did not estop said grantee from contesting the lien of said other deed of trust; nor can the assignee of the later-maturing note secured by said other deed of trust, not being a party to the purchaser's deed or the deed of his grantee to plaintiff, set up the exception in his favor.

5. ———: Notice: Quieting Title: Parties. Within the meaning of the recording laws when a deed of trust is taken in good faith it is subject to only such prior equities as are of record at the time; and if the record reveals no prior equities, a plaintiff, who has purchased under the one· of two simultaneous deeds of trust which secures the note first maturing, is not required to make the parties to the deed of trust securing the later-maturing note defendants to his action to quiet title.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside, Judge.*

AFFIRMED.

*Barton & Impey, Hiett & Scott* and *H. H. Baldridge* for appellants.

(1) It cannot be successfully claimed that the plaintiff has any advantage as an innocent purchaser; for the following reasons: (a) Being an innocent purchaser must be affirmatively pleaded; so also must it affirmatively be proved: the *onus* lies on the pleader. Young v. Schofield, 132 Mo. 663; Holdsworth v. Shannon, 113 Mo. 525; Conn. Mut. Ins. Co. v. Smith, 117 Mo. 293; 22 Ency. Pl. & Pr. 734; 23 Am. & Eng. Ency. Law (2 Ed.), 522. · (b) There is not only an entire lack of evidence to sustain such a contention on the part of the plaintiff, but the evidence demonstrates that when plaintiff purchased he had both actual and constructive notice of the existence of this deed of trust and knew that all his predecessors in title had recognized it as a prior, existing and superior encumbrance. (c) The burden being on plaintiff, and the matter at issue being pecu-

liarly within his knowledge, and he failing to testify in relation threto, a presumption is created that his testimony if introduced would have been adverse to his contention. 10 R. C. L. 887; Note: Ann. Cas. 1914A, 919; Taylor v. Murphy, 24 Mo. App. 425. (d) As plaintiff claims under the Cunningham deed reciting this deed of trust, and over his own signature had satisfied two deeds of trust reciting that the land was subject to this incumbrance, he is estopped from posing as an innocent purchaser. 16 Cyc. 685; 10 R. C. L. 681; 18 C. J. 264; Steele v. Culver, 158 Mo. 136. (e) Having deducted the amount of this deed of trust from the purchase price, plaintiff cannot assert its invalidity, much less be an innocent purchaser as against it. (f) If these deeds of trust were simultaneous, the doctrine of innocent purchaser does not apply. Linville v. Savage, 58 Mo. 248; 1 Jones on Mortgages (5 Ed.), secs. 606, 608. Even where several notes are secured by a single mortgage, one who takes an asignment of part of the notes should inquire of the maker and of the payee whether the others have been sold with a preferred lien upon the security. 1 Jones on Mortgages (5 Ed.), sec. 606. (2) It may be admitted that under our law where a single mortgage is given to secure several obligations maturing at different times, other things being equal, these obligations take priority according to maturity. This, however, is the rule of last resort. If from all the evidence, it appears that the parties intended to give one mortgage, priority over the other, then such intention will be absolutely controlling. 27 Cyc. 1167, 1171, 1196; 1 Jones on Mortgages (5 Ed.), secs. 606, 607, 608; 20 Am. & Eng. Ency. Law (2 Ed.), 1048, 1049, 1050; Ellis v. Lamme, 42 Mo. 153; Linville v. Savage, 58 Mo. 248; Loewan v. Forsee, 137 Mo. 40; Brown v. Barber, 244 Mo. 150. (3) It may also be admitted that in Isett v. Brewster, 17 Iowa, 503, the rule of prior maturity was applied where the obligations were secured by separate simultaneous mortgages. However, it has also been held that a foreclosure of one of two simultaneous mortgages is

not effectual to settle the relative rights of the purchaser at the foreclosure and the holder of the other mortgage. A suit in equity is necessary for that purpose. Van Aken v. Gleason, 34 Mich. 477. (4) In determining priority of execution, fractions of a day will be considered. Sanely v. Crapenhoft, 95 N. W. 352. Where several mortgages are executed and recorded at the same time, and it can be ascertained that one was intended to have priority over the others, then for the purpose of carrying such intention into effect the law will presume that the mortgage which was intended to be preferred was first delivered. Jones v. Phelps, 2 Barb. Ch. 440; Butler v. Mazeppa Bank, 94 Wis. 351; Trompcynski v. Struck, 105 Wis. 440. (5) It is the duty of the recorder to record instruments "in the order of time when the same shall have been delivered for record." R. S. 1909, sec. 10388. It therefore devolved upon the recorder to determine which of these deeds of trust was first delivered for record and to record it first. This he did at the time in favor of the principal deed of trust, one thousand dollars, recording it in Book 16 at page 332, deferring the commission deed of trust to page 337 of the same book. Priority of record may be shown by the numbering and, for the same reason, by the paging of the record. Conn. Mut. L. v. King, 75 N. W. 376; Lamkin v. Bank, 23 S. E. 390; 1 Jones on Mortgages (5 Ed.), sec. 534. "When a grantor conveys the same land to two different persons on the same day, the deed which is first recorded carries the title." Smith v. Johnson, 107 Mo. 497; 19 R. C. L. 408; 27 Cyc. 1194. (6) A controlling agreement or equity may appear upon the face of the instruments whereby one will be given priority over the other. Ellis v. Lamme, 42 Mo. 143; 27 Cyc. 1226; 20 Am. & Eng. Ency. Law (2 Ed.), 1049; 17 Am. & Eng. Ency Law (2 Ed.), 9; 13 C. J. 528. (a) In determining such intent, the court may consider the fact that two deeds of trust were given, and this is presumed to have been done for a purpose, and to have some effect. 13 C. J.

527, note 46. (b) The court will also consider the situation, surroundings and business of the parties, and the general nature and purpose of the transaction involved. 17 Am. & Eng. Ency. Law (2 Ed.), 21; 13 C. J. 540, 542. (c) The court will consider also the construction placed upon the transaction by the parties themselves and their privies. 13 C. J. 546; 17 Am. & Eng. Ency. Law (2 Ed.), 23. (7) Aside from that which appears upon the face of the instruments, a controlling agreement for priority between the original or subsequent parties may be shown: and such agreement may rest in and be proved by parol. 1 Jones on Mortgages (5 Ed.), sec. 608; 8 Ency. Ev. 685; Linville v. Savage, 58 Mo. 248; Loewan v. Forsee, 137 Mo. 40; Minor v. Sheehan, 15 N. W. 687. (8) The Omaha Loan and Trust Company, while owning both these deeds of trust, sold the one now in question as, and represented it to be, a first encumbrance. This constituted a controlling agreement for priority. 20 Am. & Eng. Ency. Law (2 Ed.), 1040; 27 Cyc. 1228; 19 R. C. L. 411; Note: 48 L. R. A. (N. S.) 761; Lane v. Niekerson, 17 Hun, 148. (9) Whatever may have been the original status of these deeds of trust, if Mautz and DeForest deducted the amount of this mortgage from the purchase price of the land and accepted a deed in which this encumbrance was excepted from the covenants, then they, and plaintiff claiming under them, are estopped from denying its validity or superiority. U. S. Bond Co. v. Keahy, 155 Pac. 537; Jones v. Perkins, 144 Pac. 183; Fuller v. Devold, 144 Mo. App. 96; 1 Jones on Mortgages (5 Ed.), 696; Scheppelman v. Feurth, 87 Mo. 353. (10) The recitals in the Cunningham deed and the several deeds of trust given to Rodgers are prima-facie evidence of the facts herein stated against the parties thereto as well as their privies. This is based upon the general rule of evidence as to admissions and applies even where an estoppel is not created. Allen v. Kennedy, 91 Mo. 324; 1 R. C. L. 484; 4 Ency. Ev. 187; 18 C. J. 264, 265 and note 96. (11) The conversation with and rep-

resentations to Miss Leverich at the time she purchased could not only be considered in aid of construction, but also this in and of itself constituted a controlling agreement as to priority. 20 Am. & Eng. Ency. Law (2 Ed.), 1040; 27 Cyc. 1228; 19 R. C. L. 411; Note: 48 L. R. A. (N. S.) 761; Lane v. Nickerson, 17 Hun, 148. This may be proved by parol. 1 Jones on Mortgages (5 Ed.), sec. 608; 8 Ency. Ev. 685; Linville v. Savage, 58 Mo. 248; Loewan v. Forsee, 137 Mo. 29, 40. It was therefore error to reject this testimony.

*Lamar, Lamar & Lamar* for respondent.

(1) Plaintiff's petition says that he is the absolute owner of the land described in the petition. Defendant's answer is, first, a denial that plaintiff is such owner, and then says "said deed of trust (defendant's deed of trust) is a superior lien, incumbrance and claim against said real estate and takes priority over all the right, title and claim of plaintiff in, to or against said real property." The remainder of said answer simply describes this deed of trust and asks foreclosure. As we understand it, this simply raises a question of law arising on the face of the record as to which deed of trust under the law is a prior lien. The defendant does not by her answer set forth any facts which would authorize a court of equity to postpone the lien of the deed of trust under which plaintiff claims, which matured first, to the one held by defendant. Even if there had been no foreclosure and the action were between defendant and the original holder of the note first maturing, in order to authorize a court of equity to postpone the lien of the deed of trust securing the first note, to the one securing the note maturing last, the facts authorizing such postponement must be pleaded and proven. 27 Cyc. 1509-d and note 96; Boone on Code Pleadings, 283; 20 Am. and Eng. Enc. Law (2 Ed.), 1049; Schanework v. Hoberecht, 117 Mo. 31; State ex rel. v. Barnett, 245 Mo. 116; Mallinckrodt Chemical Works v. Nemnich,

169 Mo. 297; Lappin v. Nichols, 263 Mo. 290; Vogeler v. Punch, 205 Mo. 577; Pier v. Heinrichoffen, 52 Mo. 336; Sawyer v. Bradshaw, 125 Ill. 440; Abbott v. Peck, 35 Minn. 499; Austin v. Hatch, 159 Mass. 198. (a) The answer of defendant would not support a judgment, even if the court had granted it, postponing the deed of trust, under which plaintiff claims, to the one held by defendant. A judgment or decree cannot be broader than the pleadings, and if it is, it is error on the face of the record. Roden v. Helbren, 192 Mo. 74; McNair v. Biddle, 8 Mo. 268; Irwin v. Childs, 28 Mo. 576; Bond v. Powell, 180 Mo. 421. (2) We understand that appellant admits as a matter of law, on the face of the record, that where two deeds of trust are given simultaneously and recorded at the same time, the one securing the note which matures first is a prior lien, and that the same rule applies to a deed of trust securing two or more notes maturing at different dates. However, we present the following additional authorities thereon: (a) Where two deeds of trust, or mortgages, are executed simultaneously by the same grantor to secure the same grantee, it has the same legal effect as one deed of trust securing notes maturing at different dates. 1 Jones on Mortgages (5 Ed.), sec. 607, note 7; Isett v. Brewster, 17 Iowa, 503; Thayer v. Campbell, 9 Mo. 281; Schultz v. Plankington Bank, 30 N. E. (Ill.) 346; Alden v. White, 66 N. E. (Ind.) 599. And it is held that parol evidence is not admissible to contradict or change the legal effect of such instrument. Isett v. Brewster, 17 Iowa, 503; Case Mfg. Co. v. Matthews, 174 S. W. 200. (b) Where a mortgage or deed of trust secures more than one note, or where different mortgages are given at the same time to the same parties and recorded at the same time, securing debts maturing at different dates, the mortgage or deed of trust which secures the note first maturing is a prior lien. 27 Cyc. 1167, and note 10; 1 Jones on Mortgages, secs. 606, 607; 20 Am. & Eng. Enc. Law (2 Ed.), 1048-5; Thompson v. Field, 38 Mo. 375; Huck v. Erskine, 45 Mo. 384; Mitchell v.

LaDrew, 36 Mo. 526; In re Ferguson Est., 124 Mo. 582; Buford v. Smith, 7 Mo. 489; Campbell v. Thayer, 9 Mo. 283; Freeman v. Elliott, 48 Mo. 74; Peoples Savings Bank v. Finney, 63 Ind. 460; Isett v. Brewster, 17 Iowa, 503; Terry v. Warden, 77 N. W. (Minn.) 777; Schultz v. Bank, 30 N. E. (Ill.) 347; Horn v. Bennett, 34 N. E. (Ind.) 956; Owings v. McKenzie, 133 Mo. 333; Campbell Co. v. Roeder, 44 Mo. App. 328; Rowe v. Scherz, 69 Mo. App. 91; Huffard v. Gottberg, 54 Mo. 271; 2 Jones on Mortgages (5 Ed.), secs. 1699, 1459; Leavitt v. Reynolds, 79 Iowa, 348, 44 N. W. 567. (c) And a foreclosure to pay the note first maturing carries the whole title, which relates back to the date of the execution of the mortgage or deed of trust. 2 Jones on Mortgages (5 Ed.), secs. 1459, 1577 and 1939; 27 Cyc. 1503, sec. 2, 1791E, 1835; Plum v. Studebaker Mfg. Co., 89 Mo. 163; Adams v. Carpenter, 187 Mo. 613. (3) Even if defendant had plead facts authorizing a court of equity to postpone the mortgage under which plaintiff holds and decree defendant's deed of trust a prior lien, plaintiff would not be bound by an agreement between the Omaha Loan & Trust Company and the unknown holder of the note maturing six years later. Smith v. Boyd, 162 Mo. 153. The general warranty deed from McNinch and wife, the purchasers at the foreclosure sale, to Mautz and DeForest only "excepts" from the covenants of warranty a deed of trust to the Omaha Loan & Trust Company. It is elementary that such a recital only operates to except this from the covenants of warranty, and does not bind or estop plaintiff from contesting the lien or validity of any such deed of trust or mortgage. 1 Jones on Mortgages (5 Ed.), 746; 10 R. C. L. 685, secs. 15 and 16; Brooks v. Owen, 112 Mo. 260; Calkins v. Coply, 13 N. W. 904; Wantell v. Bane, 79 N. W. 91; Bigelow on Estoppel, 272-289. (a) Of course, the mortgage given to the Omaha Loan & Trust Company securing the note held by defendant was of record and was a constructive notice of its contents, but the notice of such mortgage was notice only of such

rights of the parties as were disclosed by an inspection of the record itself and nothing more. 27 Cyc. 1361-b, note 30; Powers v. Laffler, 73 Iowa, 283, 34 N. W. 659; Bennett v. Keehn, 67 Wis. 154, 30 N. W. 112; Calkins v. Coply, 29 Minn. 471, 13 N. W. 904; Robinson Bank v. Miller, 153 Ill. 244, 38 N. E. 1078. (b) The two deeds of trust being of record when defendant purchased the note in 1901, she took such note with constructive notice of their legal priorities and cannot now say to the contrary. Smith v. Boyd, 162 Mo. 153. (4) The holder under a foreclosure of a deed of trust prior in law will not be affected by secret equities of third parties unless it is shown that he took with actual notice of such equities. Jones on Mortgages, sec. 532; Beatie v. Butler, 21 Mo. 313; Powers v. Kuckhoff, 41 Mo. 431; Patton v. Eberhart, 52 Iowa, 67, 2 N. W. 954. (5) The burden is on the defendant to allege and prove such actual notice. She was attacking the legal title and was asking affirmative relief. 27 Cyc. 1509; Hendricks v. Calloway, 211 Mo. 561; Cornett v. Berkleman, 61 Mo. 118; McMurray v. McMurray, 258 Mo. 417; Quinn v. McCallum, 178 Mo. App. 241; Garrett v. Wiltse, 252 Mo. Mo. 705. The purchaser at a foreclosure sale may rely on the record and is not bound by latent equities. 1 Jones on Mortgages (2 Ed.), secs. 514-516; Garrett v. Wiltse, 252 Mo. 705; Smith v. Boyd, 162 Mo. 153.

WALKER, J.—This is a suit to quiet title to certain land in Texas County. The plaintiff prevailed below and the defendants have appealed. In April, 1901, Edwin McNinch and wife, the owners of the land in question, executed certain notes of even date to the Omaha Loan & Trust Company, three aggregating $140, due respectively April 1, 1902, April 1, 1903, and April 1, 1904, and one other note for $1000 due April 1, 1908. To secure the payment of these notes the makers executed to the payee two separate deeds of trust, one to secure the payment of the three notes aggregating $140 and the other to secure the payment of the note for

$1000; the same person was named as trustee in each. These deeds were acknowledged on the same day and subsequently they were simultaneously filed for record in the office of the recorder of deeds for Texas County. In neither is there any reference to the other, nor is there anything other than the respective dates of maturity of the notes therein described, if such can be so construed, to indicate a priority of lien of one over the other. On the 13th day of August, 1904, the deed of trust securing the payment of the three notes for $140 was foreclosed, the land sold, and one W. F. Cunningham became the purchaser. Two years later he conveyed the land by deed of general warranty to Byron De-Forrest and Frank Mautz. The grantor covenants in this deed "against all claims, etc., except a deed of trust to the Omaha Loan & Trust Co. and to G. P. Rodgers and judgments in Houseden suits." In December, 1909, Frank Mautz and wife conveyed the land by quitclaim deed to Byron DeForrest. This deed contains no reference to any incumbrance. Some ten or twelve days thereafter Byron DeForrest and wife conveyed the land by warranty deed to John D. Stewart, the plaintiff, who instituted the suit on which the appeal herein is based. After service by publication against unknown parties, a judgment by default was rendered; and within three years thereafter, under Section 2103, Revised Statutes 1909, the administrator of the estate of Eliza J. Leverich petitioned the court to set aside the judgment in which it had been found that the plaintiff was the owner in fee of the land in question for reasons, among others therein alleged, that Eliza J. Leverich was the owner of the note for $1000 and the deed of trust on said land to secure the payment of same given April 25, 1901, by Edwin McNinch and wife to the trustee of the Omaha Loan & Trust Company; that said Eliza J. Leverich died testate in New York in February, 1907; that no service in the suit brought by John D. Stewart, the plaintiff herein, in any wise affecting her interest in said land was ever had upon her or anyone representing

her other than the attempted service by publication upon unknown parties, and that no knowledge concerning said proceeding was ever had by said Eliza J. Leverich, and that the petitioner, her administrator, was not apprised of said suit until a short time before the filing of this petition to set aside the judgment. In brief, the petition contained other allegations appropriate and proper to a pleading of this character, not necessary to be set out herein. The petition prayed in conclusion that all parties in interest, referring specifically to those who had acquired title to portions of said land through the plaintiff, be made parties to this suit and that the judgment be set aside and that the petitioner be permitted to plead to plaintiff's petition theretofore filed upon which the judgment of default had been entered. Upon a hearing the court set aside the judgment and permitted the administrator to plead to plaintiff's petition. He thereupon filed an answer and a cross-bill alleging that the note for $1000 was still due and unpaid and that the deed of trust to secure the payment of same constituted a prior lien or claim upon said land to the right, title and claim of plaintiff; and that the deed of trust to secure the payment of the one-thousand-dollar note be foreclosed on account of its alleged priority as a lien. The sufficiency of the pleadings is not a matter at issue except in so far as plaintiff's contention is concerned that the answer does not plead any facts which would authorize a court of equity to subordinate the lien of the deed of trust under which plaintiff claims to that under which the defendant claims. Aside from this contention the vexing question is as to which of the two deeds of trust is entitled to priority.

The appellant relies for a reversal upon the following errors:

1. The court erred in finding the issues for the plaintiff and in rendering judgment accordingly.

2. The court erred in excluding evidence offered by defendant to prove that the deed of trust under which defendant claims is a first deed of trust and that

the deed of trust under which plaintiff claims is a second deed of trust.

3. The court erred in rejecting testimony to prove that when the deed of trust claimed by defendant was sold to Eliza J. Leverich it was represented to her to be a first mortgage.

I. The rules of procedure in suits to quiet title are the same as in other civil actions. This is clearly contemplated by Section 2535, Revised Statutes 1909, and is expressly so provided in Section 2536, Revised Statutes 1909. This being true, the relief afforded in a proceeding under this statute is to be measured by the pleadings in each particular case. To rule otherwise, as BOND, J., tersely said in Toler v. Edwards, 249 Mo. l. c. 160, would be "to destroy the symmetry of the law." Confirmatory of this conclusion, LAMM, J., said in effect in Wolz v. Venard, 253 Mo. l. c. 86, that "this statute is to be administered in conformity to the Code of Civil Procedure, that is, within the lines of scientific pleading and practice. Any other view would make of that remedial act a fruitful source of confusion and wrong." The ruling seemingly to the contrary in Noble v. Cates, 230 Mo. l. c. 202, "that defendants in an action based upon this statute may, under a general denial, show as a defense any title, legal or equitable, vested in themselves," does not therefore correctly state the law.

The defendants' answer herein denies plaintiff's ownership of the land and alleges generally that the deed of trust thereon to secure the payment of the one-thousand-dollar note is a prior lien over plaintiff's claim, right and title. The remainder of the answer is descriptive of the deed of trust and prays for a foreclosure. The defense should have been limited to the issue thus made. This was not done, and it is now contended by the plaintiff that no facts were pleaded by the defendants which would authorize a court of equity to postpone the lien of the deed of trust under which plaintiff claims to that alleged to be held by defendant ad-

ministrator and that he should have been limited in his defense to that made by his answer. As an abstract statement of the rules of procedure this is correct. But the limitation now sought to be imposed is not timely and was waived by the plaintiff in not objecting at the time to the claim of priority thus interposed. During the trial the plaintiff contented himself with technical objections to the introduction of certain evidence, principally documentary, but having no tendency to determine the question of priority between the two deeds of trust. The trial was conducted as though the answer had set up the equitable defense now objected to by the plaintiff. The case will be reviewed, therefore, upon the theory sanctioned by the parties and recognized by the trial court. [McMurray v. McMurray, 258 Mo. l. c. 416; Honea v. Railroad, 245 Mo. l. c. 645; Williams v. Railroad, 237 Mo. l. c. 675; Brier v. Bank, 225 Mo. l. c. 684; Degonia v. Railroad, 224 Mo. l. c. 588; Riggs v. Railroad, 216 Mo. l. c. 304; Hof v. Transit Co., 213 Mo. l. c. 470; Taylor Brick Co. v. Railroad, 213 Mo. l. c. 726; Earls v. Earls, 182 S. W. 1020.]

When a case has been tried without the objection that the pleadings did not raise a certain issue, this objection when made for the first time in the appellate court will not be entertained. But two exceptions may be noted to this rule, one that of the court's jurisdiction and the other that a cause of action has not been stated. These cardinal defects are not affected by waiver and may be raised at any time. [Williams v. Keef, 241 Mo. l. c. 375; Jackson v. Johnson, 248 Mo. 692.] In view of all of which we need not further concern ourselves with the limitations now sought by plaintiff to be placed upon the defendants' right to persist here in the attitude which, free from plaintiff's challenge, was maintained in the trial court. [3 C. J. sec. 621, p. 725.]

II. Under well established principles of law there can be no controversy as to the purpose for which the

deeds of trust were given, which was to secure the pay-
ment of the notes described in each. [Anderson
v. Baumgartner, 27 Mo. l. c. 87; Potter v. Stev-
ens, 40 Mo. 229; Allen v. Goodrich, 111 Mo.
App. 61; Watson v. Hawkins, 60 Mo. 550.] To

*Priority of Deeds of Trust.*

effect this purpose it was provided in each of these deeds
in the conventional terms employed in instruments of
this character that upon default in the payment of the
notes therein described the land should be sold to satis-
fy same. These provisions, in the absence of prior
equities or any express condition to the contrary, gave
the deed of trust securing the notes first maturing
priority. Otherwise the purpose for which the deeds
were given would be rendered ineffectual. This for
the reason that a note constitutes the obligation and
defines its terms, while a deed of trust is merely col-
lateral and is intended to secure the payment of the
note. [Morgan v. Martien, 32 Mo. 438; Owings v. Mc-
Kenzie, 133 Mo. 323; Frye v. Shepherd, 173 Mo. App.
l. c. 209; Westminter College v. Peirsol, 161 Mo. 270.]
This conclusion as to priority is based upon what is
termed the earlier-maturing rule, recognized as control-
ing in this State as contradistinguished from the pro-
rata and prior-assignment rules which obtain in some
other jurisdictions. The earlier-maturing rule was first
definitely promulgated in this State in Mitchell v. Ladew,
36 Mo. 526, 88 Am. Dec. 156, to the effect that notes se-
cured by the same deed of trust have priority in the or-
der in which they fall due. Subsequent rulings under
which the minor facts are different, conform to this rule.
To illustrate: In Thompson v. Field, 38 Mo. 320, several
notes, in the hands of different assignees, were secured
by the same mortgage and fell due at different times.
They were held to be payable out of the proceeds of the
sale of the property in the order in which they fell due.
In Hurck v. Erskine, 45 Mo. 485, we held that the assignee
of an earlier-maturing note was entitled, as against the
mortgagee holding other notes, to priority in the pro-
ceeds of the sale of trust property, even though the lat-

ter's notes had become due by their own terms before the action was commenced. Ellis v. Lamme, 42 Mo. 153, does not announce a contrary doctrine. In that case there was an express provision in the deed that a later-maturing note should be first paid out of the proceeds of the sale of the property, thus showing that the primary object of the deed was to protect the independent sureties on the later-maturing note. Following the earlier-maturing rule, the Kansas City Court of Appeals, in Freeman v. Elliott, 48 Mo. App. 74, held that where two notes secured by the same deed of trust are made payable to two separate payees, the rule of priority in the order of maturity will apply, despite the terms of the deed that both notes become due on default in the payment of either. The St. Louis Court of Appeals in Weary v. Wittmer, 77 Mo. App. 546, held that priority of maturity authorized a presumption of priority of payment; and, to overthrow this presumption, the burden was on the appellant to show that the notes first maturing had been paid or that the plaintiff was estopped to assert priority of payment.

In these cases a single mortgage or deed of trust was given to secure several notes. The rule of priority cannot, however, be held in reason to be different where, as here, separate deeds of trust were given, each to secure the notes therein described. We held in the early case of Thayer v. Campbell, 9 Mo. 280, where a mortgage was executed to secure three distinct debts, that although there was but a single deed of conveyance, yet, as it was executed to secure three several and distinct debts due to three several individuals, it must be regarded as clearly several in its nature, as if those several instruments had been simultaneously executed. The nature of the security afforded is the same whether one mortgage be given to secure each debt or one be given to secure several, if it be kept in mind that the terms of the obligation must be determined from the note and that the mortgage or deed of trust is collateral and simply intended to secure payment.

The legal situation, therefore, in the instant case is exactly the same as if McNinch and wife had only executed one deed of trust securing all of these notes. Had the latter been done it would scarcely be contended, in the face of our uniform rulings on the subject, that if the land described in the deed of trust had been sold after maturity of the first note the purchaser would have obtained a complete title.

The case of Isett v. Lucas, 17 Iowa, 503, 85 Am. Dec. 572, is so nearly parallel in all its material features with the case at bar, that a statement of the facts and the conclusions reached by the court in regard thereto are not inappropriate. The proceeding was to foreclose a mortgage. One Hall purchased of Patterson certain land, giving his two notes payable in one and two years and mortgages to secure each of same. Patterson assigned one of the notes to Tufts. Patterson subsequently obtained judgment of foreclosure against Hall, the maker, on the note first due, no other persons being parties to the proceeding. He assigned this judgment to Lucas. Tufts sold the note last due to Isett and Brewster, who brought this suit to foreclose against Hall and Lucas, claiming that the agreement between Hall and Patterson was that the two mortgages were to be equal liens and that neither was to have priority over the other.

The court, in ruling upon these facts, at page 573, said: "Independent of any legal and binding agreement, where a mortgage is executed to secure two or more notes maturing at different times, the proceeds arising from a foreclosure of the mortgaged premises should be applied to the payment of the notes in the order in which they fall due. The different installments in a mortgage securing such notes are regarded as so many successive mortgages, each having priority according to the time of its maturity; and, where, instead of one mortgage being executed to secure several notes given for the same indebtedness, a separate mortgage is given to secure each note, the rights of the parties are identical. [Citing cases.] Whether the notes thus secured are retained by

the payee and mortgagee, or are assigned to different parties, the right of priority of payment still attaches to them; nor does the time of or order in which they are assigned, affect such right of priority. The legal effect, then, of executing two mortgages to secure installments of the same debt, being to give priority as to the proceeds of the mortgaged property to the installments first due, such legal effect cannot be altered or varied by parol testimony, any more than the language of the written instrument itself. [Citing cases] The parol testimony of Hall, therefore, as to the agreement between him and Patterson in relation to the two mortgages being equal liens, neither to have priority over the other, which is contrary to the legal effect of the mortgages themselves, is incompetent, and cannot be considered for the purpose of altering or varying such legal effect and priority.''

Under this ruling, which is in accord, in principle, with our own cases, the conclusion is authorized that where two mortgages or deeds of trust are simultaneously executed by the same grantor to secure different notes to the same grantee, the legal effect is the same as if one mortgage or deed of trust had been executed to secure notes maturing at different times. [Schultz v. Plankington Bank, 30 N. E. (Ill.) 346; Allen v. White, 60 N. E. (Ind.) 599; 1 Jones, Mortgages (5 Ed.), sec. 607.]

III. Granting, as we have on account of the manner in which the case was tried, the defendants' right to insist here upon the postponement of the lien of the deed of trust securing the notes first maturing to that securing the payment of the one-thousand-dollar note, the plaintiff cannot be held to be bound by any agreement which may have been made between the original payee in all of said notes, the Omaha Loan & Trust Company, as to the priority of the deeds securing such notes. Neither the purchaser of the land at the foreclosure sale nor any subsequent owner,

Secret Agreement.

including the plaintiff, had any knowledge of this agreement. Absent actual notice, the title of a purchaser at a foreclosure sale of land cannot be affected by secret equities between third parties. [Hume v. Hopkins, 140 Mo. 65; Powers v. Kueckhoff, 41 Mo. l. c. 431; Beatie v. Butler, 21 Mo. 313.] The agreement referred to seems to have been sedulously withheld from the knowledge of the public until March, 1913, or three years after the foreclosure sale, when its first pronouncement is made in the petition for review and the answer filed by the administrator of Eliza J. Leverich. At the time, therefore, of the foreclosure sale and the purchase of the land by Cunningham, no one other than the parties to the agreement having had any means of knowing that any other than the original payee in all of the notes, to-wit, the Omaha Loan & Trust Company, was the owner of same, and the burden being upon the defendants to establish such notice (Hendricks v. Calloway, 211 Mo. l. c. 561; McMurray v. McMurray, 258 Mo. l. c. 417), which they have failed to do, no probative force, as affecting plaintiff's rights, is to be given the testimony in regard to said agreement (Potts v. Smith, 178 S. W. 881).

IV. The excepting of the deed of trust securing the one-thousand-dollar note from the covenants of warranty in the deed made by the purchaser Cunningham to the land only operated to except it from such covenants and did not estop plaintiff from contesting the lien of the deed thus excepted. [Brooks v. Owen, 112 Mo. l. c. 260 and cases; Wood v. Broadley, 76 Mo. 23; Livingstone v. Murphy, 72 N. E. (Mass.) 1012; Weed Sewing Mach. Co. v. Emerson, 115 Mass. 554; Stough v. Badger Lbr. Co., 70 Kan. 713; Gerdine v. Menage, 41 Minn. 417; Calkins v. Copley, 29 Minn. 471; Boyer v. Price, 45 Wash. 667; Bennett v. Keehn, 67 Wis. 154.]

The exception in the covenants of warranty to the deeds of trust made by Cunningham to G. P. Rodgers is subject to the same rule, so far as its application to the plaintiff is concerned, as that in regard to the exception

in the covenant of warranty in the deed of trust securing the payment of the one-thousand-dollar note. Furthermore, the plaintiff was not a party to these deeds, does not claim under them and cannot be bound by their recitals; nor can the defendant, as the administrator of Eliza J. Leverich, not being a party to these instruments, set up these recitals in his favor. · [Jones on Mortgages (5 Ed.), sec. 746, and cases.]

The deed of trust given to secure the payment of the one-thousand-dollar note, upon being recorded, constituted constructive notice of its contents, but the rights of the parties were affected by such notice only to the extent disclosed by the record. There was nothing in the latter to indicate that this deed of trust was to be given priority over the deed under which the foreclosure was had and the land purchased by Cunningham. [Powers v. Lafler, 73 Iowa, 283; Robinson Bank v. Miller, 153 . Ill. 244.]

The two deeds of trust were of record when Eliza J. Leverich is alleged to have purchased the one-thousand-dollar note and she took the same with constructive notice of the priority of the deed securing the notes first maturing. [Smith v. Boyd, 162 Mo. 146; Patton v. Eberhart, 52 Iowa, 67.]

In Patton v. Eberhart, supra, the doctrine is explicitly announced that a mortgagee of real estate is a purchaser within the meaning of the recording laws, and his mortgage, when taken in good faith, is subject only to such prior liens as are of record at the time of the execution of the mortgage. The doctrine thus announced, so far as it relates to the character of the mortgagee's or trustee's interest in the land, is too broadly stated to accord with our rulings. Here a mortgage or a deed of trust, until entry by the mortgagee or trustee for condition broken, is a mere lien for the debt, the substantial ownership remaining in the mortgagor or trustor. [Jackson v. Johnson, 248 Mo. 680; Standard Leather Co. v. Mutual Ins. Co., 111 S. W. 631.] When, therefore, the statement appears in our cases, and it is not infrequent,

that the legal title after condition broken is vested in the mortgagee or trustee we do not mean an unlimited investiture of title, but one for effectuating the purpose of the mortgage or trust. [Feller v. Lee, 225 Mo. l. c. 332; Benton Land Co. v. Zeitler, 182 Mo. 251.] However, the latter part of the doctrine as announced in the Patton-Eberhart case, supra, viz., that within the meaning of the recording laws when a mortgage or deed of trust is taken in good faith it is subject only to such prior equities as are of record at the time, applies with full force in the instant case. There were no prior equities of record, nor did either the purchaser at the foreclosure sale, nor any subsequent owner of the land in the chain of title through which the plaintiff holds, have any knowledge of such equities as were sought to be established at the trial. This conclusion, however, is but a reiteration of that before reached when reviewing the facts from another point of vantage.

The plaintiff was not required to make the parties to the deed of trust to secure the one-thousand-dollar note defendants. [Thayer v. Campbell, 9 Mo. 280.]

Defendants established no equities authorizing a decree in their favor. There were no errors authorizing a reversal, and the judgment of the trial court is therefore affirmed. All concur.